MAINES PAPER & FOOD SERVICE–MIDWEST,
INC., Appellee and Cross–Appellant,

v.

REGAL FOODS, INC., dba Burger King; Society
National Bank, Appellant and Cross–Appellee.

[Cite as *Maines Paper & Food Service–Midwest, Inc.
v. Regal Foods, Inc.* (1995), 100 Ohio App.3d 454.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–037.

Decided Jan. 27, 1995.

*Joseph F. Albrechta,* for appellee and cross-appellant.

*Mark R. Tantari,* for appellant and cross-appellee.

HANDWORK, Judge.

This appeal and cross-appeal involve a dispute between a bank,[1] claiming setoff rights regarding funds of a depositor[2] who has defaulted on a note held by the bank, and a creditor[3] of the same depositor, that has filed garnishment actions claiming the funds of the depositor held in accounts by the bank. At issue is which party has the legal right to claim the depositor's money in the bank accounts. Both parties were unsatisfied with the ruling of the Toledo Municipal Court in this case, and both parties have filed appeals.

---

1. The bank, Society National Bank, is the appellant and cross-appellee in this case.

2. The depositor is Regal Foods, Inc., d.b.a. Burger King. The depositor has not appeared as a party in this appeal.

3. The creditor, Maines Paper & Food Service–Midwest, Inc. is the appellee and cross-appellant in this case.

The assignments of error presented by the bank on appeal are as follows:

"I. The trial court erred by holding that appellant did not accomplish the setoffs at issue and by holding that there was no record evidencing the setoffs, because such holdings are against the manifest weight of the evidence, are contrary to law and constitute an abuse of discretion.

"II. The trial court erred by holding that appellant waived its right to setoff, because the holding is against the manifest weight of the evidence, is contrary to law and constitutes an abuse of discretion.

"III. The trial court erred by making its monetary finding in favor of appellee and against appellant for the amount set off by appellant notwithstanding appellant's superior right to setoff, because such finding is against the manifest weight of the evidence, is contrary to law and constitutes an abuse of discretion.

"IV. The trial court erred by failing to rule upon, and for not granting, appellant's motion for sanctions against appellee."

The assignments of error presented by the creditor on cross-appeal read:

"I. The trial court erred by failing to find Society Bank in contempt and by failing to award attorney fees.

"II. The trial court erred by limiting the monetary award to a single setoff occasion."

To understand the issues raised in support of the assignments of error, we must first review the facts and procedure in this case.

On April 13, 1992, the creditor in this case filed a Clerk's Certificate of Judgment in the Toledo Municipal Court. The certificate of judgment was issued by the clerk of court for the Cuyahoga County Court of Common Pleas, and it showed that the creditor had a judgment for $110,876.66. The creditor filed a non-wage garnishment action, and the Toledo Municipal Court sent a court order and notice of garnishment to the bank, notifying the bank that the deposits it held for its depositor, against whom the creditor had obtained judgment in Cuyahoga County, were subject to garnishment. The bank responded to the court order and notice by disclosing that it held $14,172.86 for the depositor, and that amount was subsequently paid to the creditor pursuant to the garnishment action.

The creditor continued to file non-wage garnishment actions against the bank depositor, and the bank continued to respond by disclosing amounts that were held on deposit. Each time, the amount held was paid to the creditor pursuant to the garnishment action.

The pattern of events was interrupted in September 1992. The creditor filed two non-wage garnishment actions, and the bank responded, disclosing deposits amounting to $931.97. The bank then filed an amended answer in which it

stated: "Pursuant to instructions from our Legal Department, this date, we must now report that there are NO FUNDS available. This is due to the fact that Society Bank & Trust is exercising its right of offset on these accounts." The bank claimed a right of setoff, because the depositor defaulted on a note it held for the depositor. Subsequently, each time the creditor filed a non-wage garnishment, the bank responded that no funds were available because the funds were claimed pursuant to the bank's setoff rights.

The creditor filed a motion to show cause why the bank should not be held in contempt on February 8, 1993. The bank filed a memorandum in opposition to the motion, and the trial court held a hearing. On January 21, 1994, the trial court filed a decision and judgment entry. The trial court awarded the creditor $931.97. The trial court supported its ruling with the following reasoning.

First, the trial court concluded that Ohio law permits a bank to set off a depositor's funds to be applied to a matured obligation owed by the depositor to the bank even if the bank received a garnishment notice prior to the setoff. However, the trial court stated that three steps must be taken by the bank to achieve a setoff. The three steps identified by the court were: "(1) the decision to exercise the right; (2) some action which accomplishes the setoff; and (3) some record which evidences that the right of setoff has been exercised." The court then stated: "The arguments and facts before this Court indicate no actions clearly accomplishing the setoff and no record evidencing same." The court further found merit in the creditor's argument that the bank waived its right to setoff "by allowing its depositors to withdraw funds from its business accounts and by honoring payroll checks drawn on said accounts * * *." The court then stated that even though the bank had a legal right to setoff, "it did not properly exercise that right by the steps required by law." The final holding by the court was that the bank's "actions did not rise to contemptuous conduct."

The bank argues, in support of its first assignment of error, that the ruling of the trial court that the evidence in the case did not show that the bank had exercised its setoff rights is against the manifest weight of the evidence. When a trial court's ruling in a civil case is challenged on the basis that it is against the manifest weight of the evidence, this court is constrained to uphold the trial court's ruling if there is some competent, credible evidence in the record to support it. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

The bank argues that evidence was admitted in the trial court showing that it had exercised its setoff rights and points to an affidavit from one of its bank officers that was filed in the trial court and exhibits showing transactions relating to the depositor's three accounts with the bank. The affidavit of the bank officer includes a statement that the bank, on numerous occasions, offset the depositor's

checking accounts and applied the offset amounts toward the balance owed to the bank by the depositor on a defaulted loan. The bank also argues that no dispute existed between the bank and the creditor about whether the bank had completed the setoffs; rather, the only dispute between the parties was whether the setoffs occurred too late, since all of them took place after the bank received garnishment notices.

Our review of the record shows that the creditor conceded, both at trial and on appeal, that the bank had completed the setoffs.[4] Furthermore, accepting *arguendo* that the three steps cited by the trial court for exercising a setoff are valid, the evidence presented in the trial court does show that the bank formed an intent to exercise its setoff right, the bank took necessary action to accomplish the setoff, and the bank kept records to verify the amounts set off and the date the amounts were set off. Accordingly, the first assignment of error presented by the bank is well taken.

The second assignment of error presented by the bank addresses the ruling of the trial court that the bank waived its right to setoff "by allowing its depositors to withdraw funds from its business accounts and by honoring payroll checks drawn on said accounts * * *." The ruling of the trial court was based upon the following factual scenario. Each time the bank received a garnishment notice after the depositor defaulted on the loan held by the bank, the bank exercised setoff and informed the trial court that no funds were available for garnishment because the full amount on deposit in the bank was taken for setoff. In between the garnishment actions filed by the creditor, when no garnishment action was pending, the bank allowed the depositor to deposit and to withdraw money from the accounts it held with the bank. The bank did not exercise its setoff right when no garnishment action was pending.

The bank argues "that it is not and never has been the law that a garnishee bank must continuously set off all subsequent funds in its depositors' accounts after its initial setoff." The bank contends that it is in the best interest of the bank, the depositor, and ultimately other creditors of the depositor, for the

---

**4.** The creditor's brief to this court states: "Maines Paper cannot dispute that, *eventually*, Society Bank did accomplish the setoffs at issue and, further, that there was *eventually* a record evidencing the same." The creditor argued at trial and on appeal that although the three steps for a setoff were done by the bank, the setoffs were invalid, because the steps were taken only after the bank received garnishment notices from the creditor. The trial court ruled that: "Ohio law appears clear that banks may indeed set off an account against the matured indebtedness of its depositor, even after the bank had been served with a garnishee notice." The bank's first assignment of error does not challenge this ruling of the trial court, and the creditor did not file an assignment of error on cross-appeal to challenge the ruling of the trial court on the issue. Accordingly, pursuant to App.R. 12(b) we decline to consider any arguments presented that relate to that ruling of the trial court.

bank to choose not to exercise its setoff rights three hundred sixty-five days a year, but rather to intermittently decide to drain the depositor's account of all funds. The bank states that this allows the depositor to stay afloat financially, making it more probable that all depositors of the bank will be paid the amount they are owed. The creditor presented no argument in this court relating to the issue.

The Supreme Court of Ohio has noted that the right of setoff awarded to banks stems from common-law recognition of "an extrajudicial self-help remedy based on general principles of equity. It allows a bank to apply general deposits of a depositor against a depositor's matured debt." *Daugherty v. Cent. Trust Co.* (1986), 28 Ohio St.3d 441, 446, 28 OBR 492, 496, 504 N.E.2d 1100, 1104. The Supreme Court of Ohio has also noted: " '[I]n the case of a bank, setoff becomes a means by which the bank, because of its position as a commercial middleman, acquires a priority of right whenever it acts as creditor for a depositor.' " *Id.* at 446, 28 OBR at 496, 504 N.E.2d at 1104 (quoting *Walter v. Natl. City Bank* [1975], 42 Ohio St.2d 524, 526–527, 71 O.O.2d 513, 514–515, 330 N.E.2d 425, 427– 428). Because the remedy of setoff is a self-help remedy, it is a right, and not a duty. See, generally, Note, Banking Setoff: A Study in Commercial Obsolescence (1972), 23 Hastings L.Rev. 1585, 1593. Since setoff is not a duty, a bank does not waive the right when it chooses to exercise the right sporadically, rather than continually offsetting every penny that is deposited in the bank after the bank first exercises its setoff right. *Id.*

However, when a garnishment action is pending, the bank must either release the amount on deposit to the garnishor or it must take the full amount on deposit (assuming that the full amount on deposit does not exceed the amount owed to the bank by the depositor) as setoff. The failure to exercise setoff by claiming the full amount on deposit when a garnishment action is pending can be construed as waiver. See, e.g., *Michigan Carpenters' Council Pension Fund v. Smith & Andrews Constr. Co.* (E.D.Mich.1988), 681 F.Supp. 1252, 1255; *First Bank of Whiting v. Samocki Bros. Trucking Co.* (Ind.Ct.App.1987), 509 N.E.2d 187, 199. Between garnishment actions, however, a bank may choose not to exercise its setoff rights and may allow the depositor to withdraw funds that were deposited after the garnishment action was concluded. Accordingly, we find that the·facts in this case do not show a waiver by the bank of its right to setoff. The bank's second assignment of error is well taken.

The bank argues as a third assignment of error that the trial court erred when it awarded monetary damages to the creditor, even though the bank rightfully exercised setoff. Due to our disposition of Assignments of Error Nos. I and II, we agree that the trial court erred when it awarded the creditor a judgment of $931.97. The bank's third assignment of error is well taken.

■ The fourth assignment of error presented by the bank contains the assertion that the trial court should have granted its motion for sanctions against the creditor. The bank argues that the trial court had an obligation to make a specific ruling on the motion in the judgment entry which contained the ruling of the court on the merits of the case. The trial court impliedly ruled on the motion for sanctions and denied the motion when it decided the case on the merits without imposing any sanctions on the creditor. See, *e.g., Kane v. Ford Motor Co.* (1984), 17 Ohio App.3d 111, 112, 17 OBR 173, 174–175, 477 N.E.2d 662, 664–665; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351, 8 OBR 458, 462–463, 457 N.E.2d 858, 863–864.

■ The bank also argues that its motion for sanctions should have been granted, because the issues of law raised by the creditor's motion to show cause why the bank should not be held in contempt is well established, and the creditor's argument was "not supported by a good faith argument for the extension, modification, or reversal of existing law." This court is vested with authority to conduct a *de novo* review to determine whether "a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law * * *." *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 712, 600 N.E.2d 309, 312. We conclude that sanctions are not merited, because the creditor did make plausible arguments to support its assertion that the bank exercised its right to setoff too late, or that the bank waived its setoff right by allowing money to flow to and from the depositor's bank accounts between garnishment actions. The bank's fourth assignment of error is not well taken.

The creditor's first assignment of error on cross-appeal asserts that the trial court should have found the bank in contempt of court for failing to pay the creditor the money that was applied to the depositor's defaulted loan with the bank through setoff. In view of our disposition of Assignments of Error Nos. I, II, and III raised by the bank in its appeal, the first assignment of error presented by the creditor on cross-appeal is not well taken.

The second assignment of error presented by the creditor on cross-appeal contains the allegation that the creditor was entitled to an award of damages amounting to $5,546.76. The basis of the argument is that none of the setoffs taken by the bank were valid. In view of our disposition of Assignments of Error Nos. I, II and III raised by the bank in its appeal, the second assignment of error presented by the creditor on cross-appeal is not well taken.

The judgment of the Toledo Municipal Court is reversed as to the finding that Maines Paper & Food Service–Midwest, Inc., is entitled to judgment in the amount of $931.97. The judgment of the Toledo Municipal Court is also reversed as to the findings that Society Bank failed to exercise its setoff right or waived its

setoff right. The implied denial by the Toledo Municipal Court of the motion for sanctions filed by Society Bank against Maines Paper & Food Service–Midwest, Inc. is affirmed. The ruling of the Toledo Municipal Court denying the motion to show cause why Society Bank should not be held in contempt is affirmed. Pursuant to App.R. 12(B), this court rules that Society Bank does not owe any damages to Maines Paper & Food Service–Midwest, Inc. Society Bank and Maines Paper are each ordered to pay one half the court costs of this appeal and cross-appeal.

*Judgment reversed in part,*
*and affirmed in part.*

ABOOD, P.J., and SHERCK, J., concur.