[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before us on appeal and cross-appeal from judgments of the Ottawa County Court of Common Pleas which granted a motion for sanctions against appellant Jack Drummond and his counsel filed by Genoa Banking Company and denied a motion for judgment notwithstanding the verdict filed by appellant David Bertok.
These appeals arose out of disputes involving a home remodeling contract and the bank loan which was obtained in order to finance the project. In the interest of clarity, this court's analysis and decision is divided into three parts: the appeal filed by homeowner Jack M. Drummond, et al.; the appeal filed by contractor David M. Bertok; and the cross-appeal filed by Genoa Banking Company.[1]
The facts that are relevant to the issues raised on appeal are as follows. On November 27, 1992, Jack and Julia Drummond entered into a contract with David Bertok to remodel their home for $65,000. On December 4, 1992, the Drummonds, Bertok and the Genoa Banking Company ("Genoa") signed a construction loan agreement wherein a mortgage loan of $65,000 was made to the Drummonds. The contract named Bertok as the general contractor to whom funds were to be disbursed according to a specified draw schedule. Work on the rehabilitation project progressed normally until May 1993, several weeks prior to the scheduled completion date, when the Drummonds became concerned that the job would not be completed on time and instructed Genoa not to disburse any more funds to Bertok. Genoa followed the Drummonds' instructions and, in July 1993, mechanics' liens were filed against the project by Gordon Lumber Co., Yackee Electric Service, and Steve Bertok. Dave Bertok also later filed a mechanic's lien. In July 1993, the Drummonds asked Genoa to disburse to them the remaining monies under the loan so they could finish the work themselves, but the bank denied their request. The remodeling project was not completed by the original June 1993 completion date.
The parties were unable to resolve the dispute, and on May 27, 1994, the Drummonds filed a complaint against their attorney Denise Bowland, Genoa, and Bertok. In their complaint, the Drummonds alleged: 1) that Genoa breached the contract by wrongfully disbursing funds to the contractor, thus causing mechanics' liens to be filed, and by refusing to disburse funds to the Drummonds upon request; 2) that Bertok breached the contract for remodeling by refusing to complete the work and failing to complete it in a workmanlike manner, and that Bertok wrongfully caused a mechanic's lien to be filed against them when he knew that no money was due him because he had breached the contract; and 3) that attorney Bowland had failed to disclose that she was on Genoa's board of directors and had allowed them to enter into construction contracts and agreements which did not require contractor's affidavits.
Prior to trial, both Genoa and Attorney Bowland filed motions for summary judgment. The Drummonds responded by dismissing Genoa and Bowland from the suit on January 31, 1996, and the case proceeded to trial against Bertok. On February 21, 1996, however, Genoa filed a motion for attorney fees as and for sanctions against the Drummonds and their new counsel, in which they claimed that filing the complaint and prosecuting the claims constituted frivolous conduct under Civ.R. 11 and R.C. 2323.51. Genoa asserted that the claims made by the Drummonds were either known by them to be false or were not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Genoa argued that the sole cause of the Drummonds' complaint was their own action in directing the bank to stop payments to the contractor. On April 18 and 23, 1996, the trial court held a hearing on Genoa's motion. On May 28, 1996, the case came to trial before a jury. On May 30, 1996, the jury returned a verdict against Bertok. On June 14, 1996, Bertok filed a motion for judgment notwithstanding the verdict.
As to Genoa's motion for sanctions, on September 18, 1996, the trial court filed its judgment entry in which it found that the actions of the Drummonds and their counsel in filing the complaint against Genoa constituted frivolous conduct pursuant to R.C. 2323.51(A)(2)(b).
On January 14, 1997, the trial court denied Bertok's motion for judgment notwithstanding the verdict. Subsequently, the Drummonds filed an appeal from the granting of the motion for sanctions (Part A below) and Bertok filed an appeal from the denial of his motion for judgment notwithstanding the verdict (Part B below). Additionally, Genoa filed a cross-appeal (also addressed in Part A below) in which it asserted that the trial court erred by not granting judgment against Julia Drummond for frivolous conduct. These appeals have been consolidated by this court.
 A. Motion for Sanctions: Appeal and Cross-Appeal
At the hearing held on this motion, Martin Sutter, a loan officer with Genoa Banking Company, testified that in June 1993, when the Drummonds told him to stop disbursing funds to Bertok, he advised them that such a move could result in mechanic's liens being filed by subcontractors. Sutter testified that the bank tried to work with the Drummonds to come up with an alternative to help them work out the problem but that they were unable to reach an agreement. Sutter stated that in July or August 1993, Genoa learned that liens had been filed by Gordon Lumber, Yackee Electrical, and Dave Bertok shortly after the Drummonds had told the bank not to disburse any more funds. The Drummonds then asked Sutter to release the rest of the funds directly to them but he told them the bank was unable to do that because of the existing liens. Sutter testified further that the bank offered several different payment options on the loan in order to make the situation easier on the Drummonds but that they insisted on starting to make full payments as if the loan had been fully disbursed.
Jack Drummond testified that he felt he was misled by the bank in this matter. He stated that he understood that the bank would take care of disbursing the money and that, as far as he knew, everything was going along fine. Drummond said that the bank told him it could not disburse the rest of the money in the account until he paid off the liens. Drummond paid Yackee and Gordon but did not have the means to pay the two liens filed by Steve and Dave Bertok. Drummond testified further that one of the men from the bank told him that Dave Bertok had walked off the job and that it was then that he decided to tell the bank not to make any more disbursements to Bertok. Drummond further testified that he began to make payments on his loan as soon as they came due because he was afraid that if he did not, his credit rating would be affected or the bank would foreclose. Drummond admitted, however, that the bank never threatened to foreclose. Drummond felt that the bank was not making any effort to help him work through this situation but stated that in early September he received an offer from Genoa to change the terms of the note in an effort to reduce the payments consistent with the fact that the full amount of the loan had not been disbursed. Drummond did not accept the offer because the bank wanted one of his cars as collateral, so he continued to make full payments on the loan.
The trial court found that when the Drummonds filed the complaint, they and their counsel knew that the allegations that "[Genoa] was grossly negligent in failing to follow the law * * *," that "Genoa Banking Company intentionally, willfully and fraudulently refused to disburse funds from plaintiffs' account to pay plaintiffs for completing the construction of their house," and that "[Genoa] fraudulently required plaintiff to make payments on funds which [Genoa] had never disbursed and is still holding" were false. The trial court further found that the Drummonds' decision to pay off their construction loan according to its original terms despite more favorable terms offered by the bank was a voluntary and knowing act on their part and was not in any way compelled by the bank, nor did it constitute bank fraud, and that the complaint "* * * was not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law. (ORC 2323.51
(A)(2)(b))" The trial court found that Genoa Banking Company had been adversely affected by appellants' conduct and that Genoa's legal fees were fair and reasonable and entered judgment for Genoa against Jack Drummond and his attorney in the amount of $30,011.10.[2]
Appellants Jack and Julia Drummond and their attorney Stephen E. Cottrell assert the following as their sole assignment of error:
 "The trial court abused its discretion in awarding sanctions against Plaintiffs and their counsel for the filing of this complaint."
Appellants argue that Genoa was required to "present an absence of facts supporting the complaint" and that the trial court chose to ignore that standard. Appellants assert that the trial court cited only facts that supported a finding of frivolous conduct, rather than look for facts that supported the filing of the complaint, which appellants assert they did present.
Appellee responds that each of the several points cited by appellants in support of their original claim of fraud were refuted by the evidence adduced at the hearing and that the trial court's judgment is supported by competent, credible evidence.
Generally, a reviewing court will not reverse a trial court's decision to impose sanctions for frivolous conduct absent an abuse of discretion. Murrell v. Williamsburg Local SchoolDist. (1993), 92 Ohio App.3d 92, 94, citing Turowski v. Johnson
(1991), 70 Ohio App.3d 118, 121. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217. Because the trial judge has observed the proceedings and is most familiar with the parties, their counsel and the basis for their actions, that court's finding of frivolous conduct is entitled to "substantial deference upon review." Ceol v. Zion Indus. Inc.
(1992), 81 Ohio App.3d 286, 289. An appellate court is, however, vested with the authority to conduct a de novo review to determine whether "a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law * * *." Maines Paper Food Service-Midwest, Inc. v. Regal Foods, Inc. (1995), 100 Ohio App.3d 454,460, quoting Passmore v. Greene Cty. Bd. of Elections
(1991), 74 Ohio App.3d 707, 712. See, also Wiltberger v. Davis
(1996), 110 Ohio App.3d 46, 51. Once a court has determined that frivolous conduct has occurred, it must make an additional factual determination that the moving party has been adversely affected by such conduct before determining whether an award of attorney fees is appropriate. R.C. 2323.51(B)(2)(a). An appellate court's review of attorney fees awarded pursuant to R.C. 2323.51 involves a determination of whether the trial court abused its discretion.Estep v. Kasparian (1992), 79 Ohio App.3d 313, 316.
In their complaint, appellants charged Genoa Banking Company with several acts of fraud and negligence with regard to the bank's handling of the loan and disbursements to Bertok and alleged that Genoa was negligent in its handling of lien waivers and should have known that affidavits presented were false.
Upon thorough review of the record of proceedings in the trial court, this court finds, as the trial court did, that there was absolutely no evidence presented that Genoa Banking Company fraudulently required the Drummonds to pay interest on undisbursed funds or fraudulently refused to disburse funds to the Drummonds to complete their house. There was, however, evidence that the bank tried to be flexible and work with the Drummonds to arrange repayment terms that would be manageable, including offering to temporarily amend the terms of the note to require the payment of interest only. As to the lien waivers, there was no evidence presented at the hearing on the motion for sanctions that any of the mechanic's lien affidavits were false or fraudulent in any regard. Accordingly, this court finds that the trial court did not abuse its discretion by finding that the Drummonds' pleading was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law, or by finding that Genoa had been adversely affected by the Drummonds' frivolous conduct. We therefore find the sole assignment of error of appellants Jack M. Drummond, et al. not well-taken.
On cross-appeal, Genoa Banking Company asserts the following assignment of error:
 "The Court erred in not granting to Genoa a judgment against Plaintiff, Julia A. Drummond, for frivolous conduct."
In support of its assignment of error, the bank asserts that the trial court erred by not granting judgment against Julia Drummond for frivolous conduct. Genoa asserts further that the trial court found that Julia Drummonds's actions in filing the complaint against Genoa constituted frivolous conduct and that therefore Julia Drummond should have been named in the judgment for $30,011.10.
This court has examined the trial court's judgment entry filed September 18, 1996 which granted Genoa's motion for sanctions. The trial court begins its findings of fact by stating:
 "1. In December 1992, defendant, Genoa Banking Company, made a $65,000 construction loan to plaintiffs, Jack and Julia Drummond."
In paragraph A of its conclusions of law, the trial court states that "[t]he conduct of counsel for plaintiffs, Stephen E. Cottrell, and of plaintiffs themselves in the filing of the Complaint herein against the defendant, Genoa Banking Company, constitutes frivolous conduct pursuant to Ohio Revised Code Section 2323.51(A)(2)(b)." As its judgment, however, the trial court stated:
 "The Court having heard the evidence herein and the arguments of counsel, enters judgment for defendant, Genoa Banking Company, on its Motion for Sanctions against Stephen E.
 Cottrell and Jack M. Drummond jointly and severally, pursuant to Ohio Revised Code 2323.51, as and for attorney's fees in an amount of Thirty Thousand Eleven Dollars and 10/100 ($30,011.10), interest and costs." [Emphasis added.]
Based on the above, it appears to this court that the trial court's failure to include Julia Drummond's name in its judgment may have been an oversight. We are, however, unable to find as a matter of law that the trial court's judgment was in error, and accordingly, Genoa's cross-assignment of error is not well-taken.
 B. Motion for Judgment Notwithstanding the Verdict
Appellant David M. Bertok appeals the trial court's January 14, 1997 denial of his motion for judgment notwithstanding the verdict and presents the following assignments of error:
 "A. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AS TO APPELLEES' BREACH OF CONTRACT CLAIM.
 "B. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AS TO APPELLEES' SLANDER OF TITLE CLAIM."
As to the breach of contract claim, Bertok argues that, on the evidence submitted, reasonable minds could only conclude that it was the Drummonds who breached the contract when they wrongfully refused to allow the third draw and thereby prevented Bertok from further performing. As to the slander of title claim, Bertok argues that in order to prove such a claim the plaintiffs had to show that the "publication" was false, but that the jury could not reach a conclusion as to that issue because the validity of the mechanic's lien was reserved for later determination by the trial court.
The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same as that to be applied on a motion for a directed verdict. The Supreme Court of Ohio explained in Posin v. A.B.C. Motor CourtHotel, Inc. (1976), 45 Ohio St.2d 271, 275:
 "The evidence * * * must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." (Citation omitted.) Accord, Osler v. City of Lorain (1986), 28 Ohio St.3d 345.
Thus, the motion was properly denied in this case if there was substantial evidence upon which the jury could find, as to the first claim, that Bertok breached the contract with the Drummonds by refusing to complete the construction and by failing to construct the house in a workmanlike manner, and, as to the second claim, that Bertok's lien was invalid, was published maliciously and resulted in pecuniary loss to the Drummonds.
As to the breach of contract claim, after thoroughly reviewing the record in this case, we find that there exists sufficient evidence in support of the Drummonds' claim on which reasonable minds might differ. Accordingly, Bertok's first assignment of error is not well-taken.
Bertok asserts in his second assignment of error that the trial court should have granted his motion for judgment notwithstanding the verdict for the reason that the jury was actually incapable of finding for the Drummonds on the slander of title claim after the court stated as it gave them their instructions that they were not required to determine the validity of the lien. Before we rule on the question of the motion for judgment notwithstanding the verdict, however, we must address the issue of the finding as to the validity of the lien. A thorough examination of the record shows that after both sides rested, the trial court told counsel that the validity of the mechanic's lien was not a jury issue and counsel for both parties agreed. Then, during the course of giving the jury its instructions, the trial court stated that the jurors were not required to determine the validity of the lien. The trial court did, however, instruct the jury as to the elements of slander of title. The jury deliberated and, on May 30, 1996, returned with a verdict in favor of the Drummonds, awarding damages in a total amount of $35,290.50. In its judgment entry filed that same day, the trial court stated that it would determine the validity of the lien "at a future date." On January 14, 1997, the trial court filed a judgment entry in which it found that the mechanic's lien David Bertok had filed was invalid.
In a case such as this, the normal procedure would have been for the trial court to make a determination as to the validity of the lien before the jury began its deliberations. In that way, the jury (a) could have been told that the court found the lien invalid and that it should then proceed to determine whether it was published maliciously and to assess any damages it found necessary, or (b) could have been told that the court found the lien valid, in which case it would not have had to proceed to consider the elements of malice and damages. The trial court in this case, however, sent the jury to begin its deliberations without having made its finding as to the lien's validity. If in fact it was error for the trial court to proceed in that manner, we find such error harmless. Without any evidence to the contrary, we must presume that the jury heeded the trial court's admonition that it would make the determination as to the lien's validity and, accordingly, considered only the issues of whether the lien was published maliciously and whether the Drummonds suffered monetary damages. It appears that the jury determined the issues appropriate for its consideration and rendered its verdict and that the trial court ruled on the question of law, albeit in reverse order from the normal course of proceedings. Bertok's second claim of error as to the motion for judgment notwithstanding the verdict therefore goes only to the two issues considered by the jury. Upon consideration of the record, we find that there was substantial evidence, upon which reasonable minds might differ, in support of the Drummonds' claim that the lien was published maliciously and that they suffered monetary damages. Accordingly, we find that the trial court did not err by denying Bertok's motion for judgment notwithstanding the verdict as to the slander of title claim, and David Bertok's second assignment of error is not well-taken.
On consideration whereof, as to the appeal filed by Jack M. Drummond, et al., and the cross-appeal filed by Genoa Banking Company, this court finds that substantial justice was done the parties complaining and the judgment of the Ottawa County Court of Common Pleas which granted sanctions to Genoa Banking Company is affirmed. As to the trial court's denial of David M. Bertok's judgment notwithstanding the verdict, this court finds that substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to Jack M. Drummond, et al. and David M. Bertok equally.
Also before this court is a motion by Genoa Banking Company for their attorney fees and costs in this appeal pursuant to App.R. 23. Genoa Banking Company asserts in its motion that it incurred legal fees and costs in its efforts to collect on the trial court's judgment and in defending this appeal, which the bank asserts is frivolous. Genoa Banking Company has provided this court with the affidavit of an attorney of record with the law firm which has represented the bank throughout this case, in which the attorney states that Genoa has been billed a total of $4,386.75 as a result of its efforts to collect the lower court judgment and $6,433.64 as a result of its efforts to defend the appeal of this matter and prosecute the cross-appeal.
Upon consideration of our decision above affirming the trial court's imposition of sanctions, this court finds that appellants' appeal was frivolous. Accordingly, pursuant to App.R. 23, appellants Jack M. Drummond, et al. are ordered to pay appellee Genoa Banking Company $6,433.64 for expenses incurred in defending this appeal. Genoa Banking Company's request for a judgment against appellants in the amount of expenses incurred as a result of its efforts to collect the lower court judgment is denied.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 ______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] This court sua sponte consolidated the appeals of Jack M. Drummond, et al. (Court of Appeals No. OT-96-055) and David M. Bertok (Court of Appeals No. OT-97-008) under Court of Appeals No. OT-97-008.
[2] The trial court did not enter judgment against Julia Drummond. This issue is raised in Genoa's cross-appeal and is addressed in Part A.