Appellant Carol Pisani appeals the trial court's granting her ex-husband's, appellee Glenn Pisani's, motion to declare her a vexatious litigator under R.C. 2323.52. R.C. 2323.52 "seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state." Central Ohio Transit Authority v. Timson (December 24, 1998), Cuyahoga App. No. 98-AP-509, unreported.
Here, the trial court took judicial notice that appellant had, since March 23, 1995, filed in excess of 300 separate pro se
filings in her post-divorce custody action. Additionally, she had failed to first deposit cost before making filings as the court had ordered. The trial court specifically found her conduct involving her January 2, 1996 motion to modify custody most telling. There, she had not demonstrated her readiness to move forward and prosecute her case. In fact, on December 19, 1997, she voluntarily dismissed the case only to refile the same motion within weeks.
Appellant assigns eight errors for our review.[1] In one form or another, all the assigned errors address the issue whether the trial court abused its discretion in finding appellant to be a R.C. 2323.52 vexatious litigator. Consequently, we will address the assigned errors together with a focus on the vexatious litigator issue. Having reviewed the record and the legal arguments of the parties, we conclude that the assigned errors that address the vexatious litigator issue have merit and sustain appellant's arguments; consequently, all other errors are moot except assigned errors seven and eight which are resolved by the law of the case in Pisani v. Pisani (September 24, 1998), Cuyahoga App. No. 74373, unreported.
At the outset, we must state that we are mindful that a trial court should be granted deference in matters of this nature and our interference is bridled by the abuse of discretion standard. Clearly, a trial court should be armed with the weapons necessary to control its docket and administer justice. The query is whether Carol Pisani has, at this point, reached the level of vexatiousness by her action to gain visitation with her child.
The trial court answered this to the affirmative, but we are not persuaded at this juncture. We agree with the 10th district that R.C. 2323.52(A) is prospective in application and thus we look to appellant's conduct after March 18, 1997. Id. at 8. In reviewing her conduct after March 18, 1997, Carol Pisani is guilty of failing to pay cost and filing numerous motions regarding her request to modify custody. In substance, she has remained persistent in her attempt to obtain visitation with her children, making fifty-six filings since that date. As her daughter has now reached the age of majority, visitation issues no longer pertain to her. However, she was a minor during the majority of the litigation in this case. In January 1997, this court had the opportunity to determine if Carol Pisani's actions constituted frivolous conduct as it related to the number of cases she had appealed. We concluded that she had demonstrated reasonable grounds for her appeals, and ruled her conduct not frivolous. Pisani v. Pisani (January 16, 1997), Cuyahoga App. No. 70846, unreported. We here refer to that case because of the analysis used in it regarding two cases from other jurisdictions that had found a pro se litigant's conduct unreasonable. Weltchekv. Weltchek (July 13, 1981), Lucas App. No. C-00-311 and Kondratv. Byron (1989), 63 Ohio App.3d 495. In both cases, the courts reviewed the number of times the litigant had filed pleadings and held their actions unreasonable and frivolous. In comparingPisani, we found the difference to be that she had demonstrated reasonable grounds for the matters she had appealed. We concluded that the underlying actions must have been reasonable as well. Consequently, our decision in that case on the reasonableness issue is res judicata as to any conduct prior to March 18, 1997.
Thus, we address the issue of whether any of appellant's conduct after March 18, 1997 justified the trial court's finding of vexatiousness. Analyzing whether Ms. Pisani is a vexatious litigator requires an inquiry into whether her filings are warranted under existing law and if they can be supported by a good faith argument for an extension, modification or reversal of existing law. Drummond v. Genoa Banking Co. (1998), Ottawa App. No. OT-97-008; unreported, 3, citing Maines Paper FoodService-Midwest, Inc. v. Regal Foods, Inc. (1995), 100 Ohio App.3d 454,460. We must find she was "without reasonable grounds, engaged in conduct that, because it is baseless, is not protected under the right-to-remedy/access-to-courts clause."Timson, supra at 6. While Ms. Pisani has been a prolific filer, all of her motions are supportable, and it certainly cannot be said that they are "baseless." Examination of the docket and the filings themselves reveals Ms. Pisani's motions primarily revolve around her attempts to have her children seen by a psychologist for evaluation and to regain visitation with them. In fact, many of the filings are efforts to keep the court abreast of problems the children are having and concerns regarding their health. This behavior may be consistent with that of an inexperienced litigant but it is not vexatious.
Most recently, the Geauga County Court of Appeals in viewing another action to declare Carol Pisani vexatious held that appellee had failed to specifically reference portions of the docket sheets which indicated vexatious conduct. Catalano v.Pisani (July 23, 1999), Geauga App. No. 98-G-2148, unreported, 4. (Catalano is Carol Pisani's maiden and present last name). The filings and docket sheets referred to in Catalano v. Pisani are the exact filings and docket sheets referred to in this case. Here, as well, the appellee failed at the trial court to point to any specific filings and docket sheets that demonstrate Carol Pisani's vexatiousness.
We understand that the trial court specifically pointed to the case she dismissed and later refiled. However, she explained she suffered from poor health during that time. While she could have filed a motion to continue the hearing, she did not. We believe her actions are more in line with an inexperienced litigator as opposed to a vexatious litigator whose goal is to harass and annoy.
This record is replete with material showing that the trial court has reached the end of its patience with appellant; however, impatience with a litigant is not the standard. The standard is whether the litigator's conduct is designed to harass and annoy. Here at this time, we are not persuaded that appellant's conduct is vexatious.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and ANN L. KILBANE, J., CONCUR.
 _____________________ PATRICIA ANN BLACKMON JUDGE
[1] See Appendix.
 APPENDIX
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT MADE PREJUDICIAL ERROR WHEN IT LABELED PLAINTIFF AS A VEXATIOUS LITIGATOR VIOLATING HER CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN IT HAS BEEN THE COURT WHO HAS IGNORED THE RECOMMENDATIONS OF THE COURT-APPOINTED PSYCHOLOGIST WHOM HE PICKED AND NEVER RULED ON MOTIONS WHICH WERE ALL OF IMPORTANCE TO THE WELL BEING OF THE CHILDREN THUS PROLONGING AND PROTRACTING THE LITIGATION.
 II. THE TRIAL COURT MADE PREJUDICIAL ERROR WHEN IT MADE A RULING THAT PLAINTIFF WAS A VEXATIOUS LITIGATOR AFTER APPELLANT FILED A COMPLAINT AGAINST THE JUDGE AT THE OHIO STATE BAR ASSOCIATION AND AFTER THE JUDGE RECUSSED [SIC] HIMSELF OFF THE CASE ON JANUARY 9, 1998, ON THE RECORD, AND NEVER JOURNALIZING IT.
 III. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN APPELLANT NEVER RECEIVED A COPY OF APPELLEE'S MOTION LABELING HER A VEXATIOUS LITIGATOR IN WHICH SHE COULD NOT RESPOND TO IN A BRIEF AND OPPOSITION VIOLATING HER DUE PROCESS RIGHTS.
 IV. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN APPELLANT NEVER RECEIVED A HEARING ON THE MATTER WHICH VIOLATES HER CONSTITUTIONAL RIGHTS AND ALSO VIOLATES HER RIGHT TO DUE PROCESS.
 V. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN APPELLANT NEVER RECEIVED A COPY OF THE JOURNAL ENTRY AND ONLY FOUND OUT ABOUT THE RULING BY A MAILING SENT TO HER BY THE CLERK'S OFFICE WHICH DID NOT SAY WHAT THE RULING WAS JUST THAT SOMETHING WAS JOURNALIZED AND APPELLANT FOUND OUT WHAT IT WAS WHEN IT WAS READ TO HER ON THE PHONE AT THE CLERK'S OFFICE, 443-7960, BY RON.
 VI. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN APPELLANT CALLED FRANK POKORNEY'S OFFICE AND ASKED FOR A COPY OF THE JOURNAL ENTRY TO BE SENT TO HER AND NEVER RECEIVED IT, ONLY HAVING TO GO DOWN TO THE CLERK'S OFFICE AND XEROXING IT HERSELF.
 VII. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN IT STATED THAT APPELLANT DID NOT PAY A SECURITY DEPOSIT FOR FILING MOTIONS WHEN SHE IS INDIGENT AND DOES FILE AN AFFIDAVIT OF INDIGENGY [SIC] WITH HER MOTIONS AND ALSO FILED A 60B MOTION TO VACATE THE JUDGE'S JOURNAL ENTRY ON HAVING TO PAY FOR MOTIONS WHEN SHE IS INDIGENT AND THE JUDGE NEVER HAS RULED ON THAT MOTION.
 VIII. THE TRIAL COURT MADE A PREJUDICIAL ERROR WHEN IT SAID THAT APPELLANT WITHDREW HER MOTION FOR CUSTODY ON DECEMBER 19, 1997 WHEN SHE WAS BLEEDING FROM FEMALE MEDICAL PROBLEMS AND VIOLATING HER FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND DISCRIMINATING AGAINST HER FOR BEING A WOMAN AND HAVING FEMALE MEDICAL PROBLEMS THAT OBVIOUSLY THAT TRIAL COURT JUDGE CANNOT UNDERSTAND OR EMPATHIZE WITH.