PASSMORE et al., Appellees,

v.

GREENE COUNTY BOARD OF ELECTIONS; Leppla, Appellant, et al.

[Cite as *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707.]

Court of Appeals of Ohio,
Greene County.

No. 90–CA–102.

Decided July 8, 1991.

*James F. Cox* and *David W. Cox; James S. Savage* and *David J. Young*, for appellees.

*William F. Schenck*, Prosecuting Attorney; and *Lawrence D. Walker*, for defendant Greene County Board of Elections.

*Gary J. Leppla, pro se.*

---

FAIN, Presiding Judge.

Gary J. Leppla, attorney for Beavercreek Coalition of Concerned Citizens, Inc., appeals from an order of the trial court imposing a sanction of $3,000 against him personally for violations of R.C. 2323.51 and Civ.R. 11. The trial court found that motions to intervene and to vacate judgment and a counter-claim/cross-claim filed by Leppla on behalf of his clients were not only without merit, but also were not warranted under existing law or as an extension of existing law. Therefore, the court imposed the sanction against Leppla personally, in favor of the plaintiffs. From the judgment imposing the sanction against him, Leppla appeals. We reverse.

## I

This case involved the Beavercreek Mall proposal in Greene County. A number of Beavercreek citizens attempted to put on the May 8, 1990 primary ballot a referendum that would allow the voters to disapprove the city council's decision to rezone a parcel of land to allow the development of the mall. Supporters of the mall sued on February 7, 1990, asking that the Greene County Board of Elections be enjoined from placing the referendum on the ballot. The plaintiffs also alleged that the board of elections failed to certify the signatures on the petitions for the referendum. The plaintiffs moved to have the trial on the merits held at the same time as their motion for preliminary injunction; the court granted that motion. On March 6, 1990, the court permanently enjoined the Greene County Board of Elections from placing the referendum on the May 8 ballot. On March 13, the board of elections decided not to appeal that decision.

The Beavercreek Coalition was aware of the lawsuit, and its members were deposed in that suit. The board of elections actively defended its right to allow the referendum to be placed on the ballot, and the coalition relied on the board to protect its interest in seeing that the referendum remained on the ballot. When the board of elections decided not to appeal, the coalition investigated its options by conferring with a member of the coalition who was an attorney, by contacting the Ohio Secretary of State's Assistant Counsel for Elections, and by contacting two other attorneys prior to retaining Leppla to represent them. Both the attorney member of the coalition and the counsel for elections concluded that seeking to intervene after judgment was a reasonable way to proceed for the purpose of requesting the trial court to reconsider its judgment and/or for the purpose of prosecuting an appeal. The other attorneys contacted did not counsel against seeking to intervene.

On March 29, 1990, the coalition, through attorney Leppla, filed its motion for leave to intervene and memorandum in support, attaching to that motion a proposed motion pursuant to Civ.R. 60(B), memorandum in support, and a proposed counterclaim/cross-claim of intervening parties. The purpose of filing the motion to intervene was to "allow this court to consider the request to vacate its prior judgment and further to allow the consideration of this Court's ruling by the Court of Appeals, if necessary. No delays whatsoever result. The intervenors merely obtain the opportunity to obtain a review of the decision of this Court, an opportunity which the Board of Elections of Greene County has rejected." Memorandum in Support of Motion to Intervene, at 4. The memorandum also cited case authority from Ohio and federal appellate courts for allowing intervention after judgment.

The plaintiffs opposed the motion to intervene and characterized the motion and attachments as three separate motions. Plaintiffs alleged that there was no legal basis for moving to intervene, that only parties could move to vacate judgment, and that therefore there was no basis for a counterclaim. Plaintiffs requested attorney fees and costs pursuant to R.C. 2323.51 and Civ.R. 11. On April 16, 1990, the trial court denied the motion to intervene:

"The Court does not find the motion to intervene well taken and the same is hereby OVERRULED.

"The Court further finds that the Coalition for Concerned Citizens may have violated Ohio Revised Code 2323.51 which relates to the filing of frivolous motions that have no basis in law or in fact, misappropriating Court time and causing Plaintiff's counsel to spend unnecessary funds, and additionally may have violated Civil Rule 11, which deals with independent sanctions on meritless pleadings and motions.

"A hearing on these remaining issues shall be held on May 3, 1990 at 9:30 A.M."

On May 3, 1990, after counsel entered their appearances, the trial court stated:

"All right. At this point, gentlemen, I think the matter should be bifurcated to the extent that I'll ask that, not order, but ask that counsel submit to this Court the relevant Ohio authority that they perceive substantiates their positions, either for payment of attorney fees or not payment of attorney fees and once that bridge has been crossed, if it is proven, in the affirmative, that the Board of Elections or others are entitled to reimbursement for expenditures of attorney fees we'll take evidence as to the number of hours expended and the hourly rate. Is there anything further the Court can go into for counsel at this time. That is all for this morning."

Counsel for plaintiffs and Leppla filed memoranda as requested by the court. On May 24, 1990, the trial court entered a second judgment in which it found that the coalition and Leppla had violated Civ.R. 11 and R.C. 2323.51 by making the motion to intervene, by making a motion to vacate judgment, and what the court denominated as a "motion" for counterclaim/cross-claim. Although it had previously denied the motion to intervene, the trial court specifically denied all three "motions" again, even though it was clear in the pleadings that the motion to vacate and the counterclaim/cross-claim were submitted with the motion to intervene as required by Civ.R. 24(C) and were intended for consideration only if the motion to intervene were granted. The trial court held:

"As the motions to intervene, vacate judgment, and the counterclaim/cross-claim are without merit, the Court has the option to impose sanctions. Both Civ.R. 11 and R.C. 2323.51 allow for the imposition of attorney fees as sanctions. * * * The Court finds the Coalition and their attorney are in violation of Civil Rule 11 and ORC 2323.51 and a hearing on the issue of damages shall be held on June 7, 1990 at 10:30 a.m."

The hearing scheduled for June 7 eventually was held on August 27 to assess "damages" and to determine sanctions. The only testimony related to the number of hours expended by plaintiffs' attorneys on the motion, their hourly billing rate, and expert testimony on a reasonable hourly billing rate for Greene County attorneys. The trial court granted judgment against Leppla personally in the amount of $3,000 plus costs.

## II

Leppla's first and second assignments of error are as follows:

"The trial court erred in concluding that the conduct of appellants [*sic*] violated either statute or civil rule.

"The imposition of 'judgment' or sanctions under statute or civil rule is legally impossible where the relief sought by the intervening party was supported by case law."

Leppla argues that R.C. 2323.51 and Civ.R. 11 have no application where a legitimate legal goal is asserted that is not totally without justification under existing law. We agree.

"Frivolous conduct" is defined in R.C. 2323.51(A)(2) as follows:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

Civ.R. 11 reads in pertinent part as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name * * *. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action."

The first grounds for the imposition of sanctions are where one party or attorney filed the pleading for the purpose of harassing or maliciously injuring the parties, R.C. 2323.51(A), or where the pleading was interposed for delay, Civ.R. 11. There is no evidence that either of these grounds applied. The trial court did not hold a hearing to determine whether particular conduct was frivolous and whether any party was adversely affected by it. While plaintiffs argued that Leppla was motivated by delay, that argument is illogical given that the trial court's order was to enjoin the referendum, and nothing could be done until that order was vacated or reversed. Furthermore, there is no evidence that the intervenors or their attorney were doing anything more than taking legal steps to seek to perfect an appeal from a judgment that thwarted their efforts to submit the Beavercreek Mall development to a referendum.

The remaining grounds for issuing sanctions against an attorney or his client are that there are no grounds to support the pleadings and that it is not

warranted under existing law or an extension, modification, or reversal of the law.

It is clear from the judgment entries by the trial court that the court based its decision solely on the pleadings filed. The May 24 judgment entry stated: "Thus both the Civil Rules and the Ohio Code allow disciplinary action *if there are no grounds to support a pleading.* The pleadings in this case must be reviewed to determine *if they have any merit.*" (Emphasis added.) The court then considered the motion to intervene and its attachments and denied them all, notwithstanding the fact that the motion to vacate and the counter-claim/cross-claim were intended for consideration only if the motion to intervene was granted. After denying the motion, the court decided to impose sanctions. The court attempted to distinguish *Sladoje v. Slettebak* (1988), 44 Ohio App.3d 206, 542 N.E.2d 701, by stating that "*Sladoje* would not limit the Court's discretion in this case as the motions were not warranted under existing law or an extension of the law."

The question of whether a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court; therefore, we will review this question *de novo*, without deference to the trial court's decision. We conclude that making a motion to intervene after judgment is not *per se* frivolous conduct.

The trial court found that Leppla had violated R.C. 2323.51 and Civ.R. 11 because there was no legal basis for moving to intervene after judgment, despite the trial court's acknowledgment that *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 14 O.O.3d 125, 396 N.E.2d 491, is authority that would allow intervention after judgment in certain circumstances.

*Likover* held that "where a motion to intervene is filed after judgment is entered, *and where the intervenors have alternative remedies available to them,* the trial judge has not abused his discretion in denying the motion to intervene." *Likover* at 159, 14 O.O.3d at 128, 396 N.E.2d at 495. The *Likover* court noted that "[i]ntervention as of right may be granted at a time in the proceedings when permissive intervention would not." *Id.* With intervention of right, more weight should be given to the possible prejudice to the intervenor in protecting his interest if intervention is not granted. The court noted that intervention after judgment was seldom granted, unless it was the only way to protect the intervenor's rights.

The coalition claimed that the only way to protect the rights of its members was to allow it to intervene in order to move to vacate the judgment and/or to prosecute an appeal. It also alleged that it satisfied the requirements of Civ.R. 24(A), intervention by right, in view of the fact that the board of

elections refused to appeal, so that the board of elections no longer adequately represented the coalition's interests, thereby impairing its ability to protect its own interests in the lawsuit. We find that the present case is one where intervention after judgment was within the judge's sound discretion to grant, the judge weighing most heavily "possible prejudice to the intervenor in protecting his interest if intervention is not granted." *Likover,* 60 Ohio App.2d at 159, 14 O.O.3d at 128, 396 N.E.2d at 494.

Since it was within the trial court's discretion to grant or to deny the motion, it was not frivolous to make the motion. Under the prevailing circumstances, the balance between (i) the coalition's understandable desire to prosecute an appeal after the board of elections decided not to appeal, and (ii) the potential prejudice to the plaintiffs was sufficiently close that the trial court's exercise of its discretion either way would not have been reversible as an abuse of discretion. In other words, we would not have found the granting of the motion to intervene to have been unreasonable had the trial court decided to grant it. Therefore, it was not unreasonable for the coalition to have made the motion to intervene, in the hope of its being granted.

Whether the motion was timely was inseparable from the merits of the motion; the fact that the trial court decided that the motion was not timely was not an independent ground for finding the conduct frivolous. The fact that the coalition submitted a motion to vacate and a counterclaim/cross-claim with the motion to intervene was not grounds for finding the motion frivolous. Civ.R. 24 requires the potential intervenor to submit with the motion pleadings "setting forth the claim or defense for which intervention is sought." The counterclaim/cross-claim and the motion to vacate the judgment pursuant to Civ.R. 60(B) were attached to satisfy that requirement.

If the mere fact that a motion is denied were enough to make its filing frivolous, we would in effect be adopting the English system of awarding attorney fees to the prevailing party, to be paid out of the losing attorney's pocket!

Although attorneys should exercise good judgment in making motions, and we would not want to encourage the proliferation of motions of dubious merit, we do not require attorneys to perform the impossible by exercising 20/20 foresight. The legal system, already criticized in many quarters for not being sufficiently responsive to people's needs, would grind to a halt if attorneys had to fear the imposition of sanctions for zealously representing their clients. Furthermore, our legal system is in large part based on the considered evolution of law, and we rely today upon legal rights that would never have evolved in a climate that did not encourage responsible, creative arguments for the extension of the law. Therefore, we do not intend to discourage

attorneys from making innovative arguments. While sometimes the line between "innovative or creative" and "frivolous" is very fine, the motion to intervene in this case does not rise even to the truly "creative," because other courts have allowed the very intervention after judgment that Leppla sought on behalf of his clients.

Because the legal argument that Leppla was making was not completely unwarranted by existing law or by a good-faith argument for a modification of the law, Leppla's first and second assignments of error are sustained.

### III

Leppla's third assignment of error is as follows:

"Ohio's Revised Code Section 2323.51 is unconstitutional."

Leppla argues that "the very overlap between the 'tort reform' statute and the Disciplinary Rules of the Ohio Supreme Court, as well as the Civil Rules, points out the *essential unconstitutionality of O.R.C. 2323.51.*" (Emphasis in original.) However, as Leppla has failed to cite the section(s) of the Constitution(s) that are in conflict with the statute, we decline to address this issue. App.R. 12(A) and 16(E). The third assignment of error is overruled.

### IV

Leppla's first and second assignments of error having been sustained, the judgment of the trial court awarding attorney fees against Gary J. Leppla is reversed and vacated.

*Judgment accordingly.*

WILSON and BROGAN, JJ., concur.