TOMB & ASSOCIATES, INC. et al., Appellants,

v.

WAGNER, Appellee.

[Cite as *Tomb & Assoc., Inc. v. Wagner* (1992), 82 Ohio App.3d 363.]

Court of Appeals of Ohio,
Miami County.

No. 91 CA 49.

Decided Sept. 3, 1992.

*James L. Thieman,* for appellants.

*Alfred J. Weisbrod,* for appellee.

---

GRADY, Judge.

This is an appeal from a judgment for attorney fees made pursuant to R.C. 2323.51. The trial court found that the cause of action brought by appellant Tomb & Associates, Inc. was "frivolous" because it was neither warranted under existing law nor supported by a good-faith argument for modification or reversal of that law. The court ordered payment of appellee's attorney fees. The judgment runs against the attorneys representing appellant, who argue on appeal that the cause of action was warranted under the facts and law of the case and, alternatively, that legal precedent to the contrary should be reversed. We do not agree with either argument and will affirm the judgment of the trial court.

## I

Tomb & Associates, Inc., a construction contractor, constructed a residence for Thomas and Barbara Roeser. Subsequently, the Roesers brought an action against Tomb concerning claims for uncompleted or defective work. Tomb, represented by the law firm of Faulkner, Garmhausen, Keister & Shenk, L.P.A., agreed to complete the work on a "punch list" of corrections, errors, and services. The agreement, which was recited in open court, provided that the work would be performed under the supervision of the Roesers' architect, J. Joseph Wagner, whose fees would be paid by Tomb. The agreement also provided that the work would be completed on or before June 30, 1988, and that Tomb would pay liquidated damages to the Roesers at the rate of $100 per day for each day thereafter the work was not completed.

Tomb failed to complete the "punch list" by the agreed deadline. The Roesers brought an action for liquidated damages. Tomb settled the claim by paying the Roesers $15,000.

Tomb next brought an action against Wagner to recoup its losses. Tomb, in a complaint prepared and filed by the law firm of Faulkner, Garmhausen, Keister & Shenk, L.P.A., alleged that Wagner's failures to act timely had prevented Tomb from meeting its deadline and requested relief on theories of negligence, breach of contract, and indemnification.

Wagner moved to dismiss. The trial court converted the motion to dismiss to a motion for summary judgment and granted summary judgment for

Wagner, dismissing Tomb's complaint. The summary judgment was not appealed.

Wagner then filed a motion for attorney fees pursuant to R.C. 2323.51. After a hearing on the motion, the trial court ordered Faulkner, Garmhausen, Keister & Shenk, L.P.A. to pay Wagner's attorney fees in the amount of $2,500 as a sanction for filing a frivolous complaint, pursuant to R.C. 2323.-51(A)(2)(b).

Tomb and its attorneys filed a timely notice of appeal and present a single assignment of error, stating:

"The trial court erred in imposing an attorney's fees sanction against Faulkner, Garmhausen, Keister & Shenk, a Legal Professional Association, under Revised Code Section 2323.51(A)(2)(b)."

R.C. 2323.51 provides in part:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"* * *

"(B)(1) * * * at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. * * *"

The complaint filed by Faulkner, Garmhausen, Keister & Shenk, L.P.A. on behalf of Tomb against Wagner alleged that Wagner's negligence and/or breach of the oral contract with Tomb delayed Tomb's completion of its contract with the Roesers. The trial court found that those claims were not warranted under existing law and could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. There is no evidence in the record, and the trial court did not find, that the complaint was obviously brought merely to harass or maliciously injure Wagner. We

will therefore analyze the issue under R.C. 2323.51(A)(2)(b), the "frivolous conduct" standard.

■ Whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court. *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309. Therefore, we are not bound by the trial court's determinations.

■ The pertinent law regarding the underlying case was pronounced in *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 560 N.E.2d 206, which held that a contractor has no cause of action against an architect for economic injury absent privity of contract between them. *Floor Craft* cited the general rule that, in the absence of privity of contract between two disputing parties, "there is no * * * duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Id.* at 3, 560 N.E.2d at 208, citing Prosser & Keeton, Law of Torts (5 Ed.1984), Section 92, at 657.

Tomb's claims against Wagner alleged economic loss. Therefore, under the rule of *Floor Craft*, Tomb's action cannot lie unless it was in privity with Wagner. To the extent that the claims sound in contract rather than tort, the same requirement exists, as privity is necessary to create a binding contract.

Appellants argue that an oral contract existed between Tomb and Wagner. The evidence offered to prove the oral contract consists of the affidavit and testimony of Judith L. Tomb, an officer of Tomb & Associates, Inc., and the testimony of attorney James L. Thieman, of Faulkner, Garmhausen, Keister & Shenk, L.P.A.

Judith Tomb testified that an oral contract was entered into between Wagner and Tomb while the parties to the underlying case, the Roesers and Tomb, and Wagner, were gathered in open court to put the terms of the agreement concerning the "punch list" on the record. Judith Tomb testified that "by his [Wagner's] silence in the courtroom, he gave his apparent consent and to agree to work with us all, that this was an agreement that encompassed him too. * * * He was giving visible signs of consent."

She also testified that Wagner manifested his assent to the alleged oral contract with Tomb by "the things he said," but she did not offer any statements by Wagner to support her conclusions.

Judith Tomb's testimony does not demonstrate that Wagner made any promises to Tomb or that he agreed, directly or by implication, to be bound in

any way to Tomb. Judith Tomb stated that, as part of the agreement between Tomb and the Roesers, "Wagner agreed and undertook an obligation to supervise" Tomb's completion of the Roesers' residence and, further, that "Tomb & Associates, Inc. agreed to pay Wagner a reasonable fee for its [*sic*] work." Wagner's services, however, are merely a product of the agreement between Tomb and the Roesers, as is Tomb's obligation to pay Wagner's fees. Judith Tomb's statements presented no competent, credible evidence of an agreement between Tomb and Wagner that brought them into privity.

Attorney James L. Thieman of Faulkner, Garmhausen, Keister & Shenk, L.P.A. testified that he believed that a contractual relationship existed between Tomb and Wagner. Thieman relied on the fact that Wagner was present in the courtroom when the punch list agreement was made between Roeser and Tomb, but he conceded that Wagner was not a party to the agreement. Thieman also cited drafts of proposed written agreements be exchanged with Wagner's attorney, but none of those proposals came to agreement. Finally, Thieman also relied on the fact that Wagner sent his statements for services to Tomb. While that could be evidence of a contract, under these facts it is clear that it was the product of Tomb's agreement with the Roesers, to which Thieman conceded that Wagner was not a party.

Thieman testified that he was aware of the rule of *Floor Craft*, stating: "As I understand the law in Ohio you can bring an action against an architect for negligence if you have privity of contract with them." The facts are clear that there was no privity between Wagner and Tomb. The contractual relationships among the parties in the case *sub judice* are the same as in *Floor Craft*. As in *Floor Craft*, there is no nexus between the contractor and the architect that creates contractual privity. Therefore, appellants cannot demonstrate that the claim against Wagner for economic damages was warranted under existing law.

Appellants argue that, even absent support in existing law, the claim against Wagner is supported by a good-faith argument for reversal of that law, an exception to the grounds for sanction in R.C. 2323.51. Appellants rely on the dissent in *Floor Craft*, arguing that the decision should be reversed and the dissent adopted as a new rule of law.

We find that appellants' argument for reversal of *Floor Craft* does not meet the "good faith" requirement of R.C. 2323.51. *Floor Craft* was decided in 1990. The majority of the court was presumably familiar with the views of the law expressed in the dissent. The facts here are substantially similar to those in *Floor Craft* vis-a-vis the relationship between a contractor and an architect. In these circumstances, the doctrine of *stare decisis* would require the Supreme Court to adhere to the principles set out in the prior case, which

are binding precedent in lower courts in subsequent cases where the same point is again in controversy. An attorney is presumed to be aware of the doctrine and its application in a given case.

An attorney may rely on a client's recitation of the facts in any case or controversy, unless they are plainly devoid of truth. An attorney may also, and should, seek redress for clients under all causes of action provided by law. However, an attorney who relies on a client's conclusory assertions and ignores settled principles of law does not act in good faith when the attorney commences a cause of action that conforms to the client's views but is not supported by law. In that event, the attorney risks the sanctions provided in R.C. 2323.51(B)(4).

We do not find that the trial court erred in ordering payment of attorney fees to appellee. Appellants' assignment of error is overruled.

Having overruled appellants' assignment of error, we will affirm the judgment of the trial court.

*Judgment affirmed.*

WILSON, J., concurs.

FAIN, P.J., concurs separately.

FAIN, Presiding Judge, concurring.

Although I concur fully in the opinion of the court, I wish to note that I have been influenced by the appellants' failure to have made a plausible argument in the trial court, when the issue of award of attorney fees was heard, for the overruling or distinguishing of *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 560 N.E.2d 206.

I realize that we can and should make an independent determination whether the extension or modification of the law urged by the litigant has been argued in good faith, see *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309, but the litigant's failure to have made a plausible argument in the trial court in connection with the attorney-fees issue is a factor to be considered. A litigant should not be permitted to "sandbag" his adversary and the trial court by making a strong argument for a change in the law in connection with his appeal from an award of attorney fees after having failed utterly to make a plausible argument in the trial court.