DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Louis Elbert, appeals from the Lorain County Court of Common Pleas' denial of Sanctions and Attorney's Fees under R.C. 2323.51 and Civil Rule 11, and the court's ruling that Findings of Fact and Conclusions of Law were unnecessary. We affirm.
The facts in this case are undisputed. The City of Lorain filed a common law creditor's bill against Lorne Elbert, Jr. The city alleged that it had an unsatisfied judgment against Lorne Elbert, Jr.; that two days earlier, Lorne Elbert, Jr. had won a new, 1995 Chevrolet Cavalier in a reverse raffle drawing; and that Lorne Elbert, Jr. had publicly acknowledged that he had won the car. The creditor's bill sought possession, an injunction against the transfer of the vehicle's title, and other relief.
Appellant, Louis Elbert, who is Lorne Elbert, Jr.'s son, intervened and moved to dismiss the action. Affidavits in support of the motion to dismiss stated that the Appellant had purchased twelve raffle tickets, six of which were bought for his father. The seller of the tickets subscribed the name, "Lorne Elbert," on the stub of those six tickets. Appellant purchased the six remaining tickets for himself. These were subscribed with the name "L. Elbert." "L. Elbert" was on the winning ticket stub.
Prior to the hearing on the motion to dismiss, the City of Lorain voluntarily dismissed the action pursuant to Civ.R. 41(A). Appellant then moved for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11, insisting the city's action against Lorne Elbert, Jr., was frivolous and not warranted under existing law. The trial court refused to consider the motion, and Appellant filed his first notice of appeal with this court. We remanded the case back to the trial court and required it to rule upon the motion and to determine whether or not it should first conduct an evidentiary hearing. See Lorain v. Elbert (Jan. 24, 1996), Lorain App. No. 95CA006159, unreported.
Consistent with our opinion, the trial court held an evidentiary hearing, ordered the parties to submit post-hearing briefs, and considered the motion. The trial court then issued a general judgment entry denying Appellant's motion for R.C. 2323.51
Attorney's Fees and Civ.R. 11 Sanctions. Appellant subsequently filed a Civ.R. 52 motion requesting the trial court to issue Findings of Fact and Conclusions of Law regarding that decision. The trial court denied the motion. Appellant timely appeals and raises two assignments of error.
We have renumbered the Appellant's assignments of error to facilitate our discussion.
 ASSIGNMENT OF ERROR I
The trial court committed prejudicial error by failing to render Findings of Fact and Conclusions of Law pursuant to the motion made by Appellant Louis Elbert under Civil Rule 52.
The Appellant argues that the trial court, pursuant to Civ.R. 52, must issue in writing Findings of Fact and Conclusions of Law upon any request. We disagree.
Civ.R. 52 provides in pertinent part:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * not later than seven days after the party filing the request has been given notice of the court's announcement of its decision,* * *, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.
As seen from its language, Civ.R. 52 applies to those instances where the trial court decides issues involving either questions of fact or mixed questions of law and fact. See Werden v. Crawford
(1982), 70 Ohio St.2d 122, syllabus; Hadley v. Hadley (Mar. 10, 1983), Franklin App. No. 82AP-637, unreported, 1983 Ohio App. LEXIS 15378, at *3. Civ.R. 52 does not apply to issues that areonly questions of law. (Emphasis added.) Bates v.Sherwin-Williams Co. (1996), 105 Ohio App.3d 529, 534. See, also,Paramount Supply Co. v. Sherlin Corp. (1984), 16 Ohio App.3d 176,180.
We now turn to the issue of whether Appellant's motion for attorney's fees and sanctions pursuant to Civ.R. 11 and R.C.2323.51(A)(2)(b) is a question of law. We find that it is.
Appellant correctly points out that R.C. 2323.51(A)(2)(b) defines "frivolous conduct" as conduct "not warranted under existing law." Appropriately, Ohio Courts have held:
 [t]he question of whether a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court.
Passmore v. Greene Cty. Bd. of Elections (1991), 74 Ohio App.3d 707,712, 600 N.E.2d 309; Tomb Assoc., Inc. v. Wagner (1992),82 Ohio App.3d 363, 366. The determination of whether a frivolous claim exists pursuant to R.C. 2323.51(A)(2)(b) is purely a question of law. Passmore, supra, at 712. See Lable Co. v.Flowers (1995), 104 Ohio App.3d 227, 233, citing Biesiada v. Beck
(June 23, 1993), Summit App. No. 15997, unreported, at 3.
Likewise, the determination of whether a claim has good ground to support it, pursuant to Civ.R. 11, is, at times, a question of law. Civ.R. 11 provides in pertinent part:
 Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *. The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of [his or her] knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.
When the underlying facts are not in dispute, a judge's decision that a claim is grounded and has a foundation in existing law, as required in the language of Civ.R. 11, is a question of law.Burns v. Henne (1996), 115 Ohio App.3d 297, 302.
As such, we find that a trial court is not required to issue Findings of Fact and Conclusions of Law, pursuant to Civ.R. 52, regarding its denial of Appellant's motion for R.C.2323.51(A)(2)(b) Attorney's Fees or Civ.R. 11 Sanctions. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court abused its discretion in denying Louis Elbert's Motion for Sanctions and Attorney's Fees.
In his second assignment of error, Appellant asserts, pursuant to R.C. 2323.51(A)(2)(b) and Civ.R. 11, that attorney's fees and sanctions should be levied against the city because its claim was frivolous and lacked any basis in the law.
As noted in the previous assignment of error, the determination of whether a claim is "not warranted under existing law" under R.C. 2323.51(A)(2)(b) is "within the competence of an appellate court." Passmore v. Greene County Board of Elections,71 Ohio App.3d at 712; Tomb Assoc., Inc. v. Wagner,82 Ohio App.3d at 366. It is a question of law. Passmore, supra, at 712. Therefore, in order for an appellate court to award R.C. 2323.51(A)(2)(b) attorney's fees, it must determine that the claim at issue, as a matter of law, is not warranted under existing law.
Similarly, while a trial court maintains discretion to impose Civ.R. 11 Sanctions, the court must first find a violation of Civ.R. 11 as a matter of law. Burns v. Henne,115 Ohio App.3d at 302. "Whether there are good legal grounds to support a complaint when the underlying facts are not in dispute is a question of law * * *." Id. Moreover, a trial court's ruling on a motion to impose Civ.R. 11 Sanctions will not be disturbed absent an abuse of discretion. Id., citing State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. Thus, the proper Civ.R. 11 inquiry for an appellate court to undertake is: (1) whether any legal grounds for the pleading exist as a matter of law; and if so, (2) whether the trial court abused its discretion in its determination of whether there was a willful violation of the Rule. Id. See, also, Haubeil Sons Asphalt Materials, Inc. v. Brewer BrewerSons, Inc. (1989), 57 Ohio App.3d 22, 23.
Appellant maintains only that the Appellee intentionally and admittedly filed a "creditor's bill" that was not warranted under Ohio statute. This assertion may be correct, but Appellant's argument is misdirected. The City of Lorain knowingly filed acommon law "creditor's bill" in reliance upon Culp v. Hecht
(1932), 43 Ohio App. 430, 432 and Bowry Sons v. Odell Bro.
(1855), 4 Ohio St. 623, 626. This being so, we find as a matter of law that Appellee's filing of the creditor's bill did not constitute frivolous conduct under R.C. 2323.51(A)(2)(b) and had "good ground to support it" as required by Civ.R. 11. Therefore, the second stage of the Civ.R. 11 analysis is obviated. Accordingly, we find the trial court properly denied Appellant's motion for sanctions and attorney's fees. Appellant's second assignment of error is overruled.
Appellant's two assignments of error are not well taken. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, J. and DICKINSON, J. CONCUR.