[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by appellant Randall A. Slavey ("Appellant") from a judgment of the Common Pleas Court of Crawford County, Domestic Relations Division.
Appellant and appellee Michelle R. Slavey ("Appellee") were divorced in September 1994. At that time, Appellee was named the residential parent of their daughter Erica (D.O.B. 10-20-89) and Appellant was granted liberal visitation, including the first full week of every month. On January 8, 1998, Appellee moved to modify visitation between Erica and Appellant. On February 11, 1998, the magistrate interviewed Erica and held a hearing on the matter. The magistrate ruled that a significant change of circumstances existed such as Erica's being enrolled in school full time. Based upon these changes, the magistrate found it to be in Erica's best interest to reduce the visitation to that provided by local rule 25. On February 23, 1998, Appellant filed objections to the magistrate's report based upon the procedures utilized in reaching the decision. The trial court overruled those objections and imposed sanctions on Appellant's attorney for filing frivolous objections.
Appellant makes the following assignments of error.
 The trial court committed prejudicial error by failing to comply with Civ.R. 53.
 The trial court committed prejudicial error in finding trial counsel's conduct to be frivolous, and by imposing sanctions for this conduct.
 The trial court committed prejudicial error when it modified the custody order herein.
Appellant's first assignment of error claims that the magistrate did not follow Civ.R. 53 when he permitted Appellee's attorney to draft the magistrate's findings. Civ.R. 53(E) provides :
 (1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of t he referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
Appellant claims that because the magistrate had Appellee's attorney draft the magistrate's report, the magistrate did not prepare the report according to the rule. In support of the above argument, Appellant cites Haag v. Haag (1983), 9 Ohio App.3d 169,458 N.E.2d 1297, which held that a trial referee is not permitted to delegate the preparation of his report without a rule authorizing the delegation. This opinion was based upon a local rule which permitted the trial court to delegate drafting responsibilities, but was silent as to the magistrates. In this case, though, the local rules permit the magistrate to delegate the drafting of the report. Local R. 1.4(I) states:
 After a hearing, a report containing Findings of Fact, Conclusions of Law and Recommendations shall be approved by the [Magistrate] before being submitted to the Court with the judgment entry.
This rule only requires that the magistrate approve the report, not that he physically draft it.
The magistrate in this case told Appellee's attorney what to write. The record shows that in the presence of all parties and their attorneys, the magistrate gave his decision. The magistrate stated what his findings of fact and conclusions of law were and instructed the attorney to prepare a draft including those findings and conclusions. This draft was then submitted to Appellant's attorney to review for accuracy and to the magistrate for review and approval. When the magistrate signed the report, he adopted it as his and it is of the same effect as if he sat down and typed it himself. As long as the report is an accurate portrayal of the findings and conclusions that permits the trial court to independently review the decision, Civ.R. 53 has been fulfilled.
Appellant also asserts that the trial court erred by signing the judgment entry, which was attached to the magistrate's report, on the same day that the report was signed. Appellant claims that this shows that the court did not independently review the case as required by Civ.R. 53, but instead just "rubber stamped" the magistrate's work.
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
Civ.R. 53(E)(4)(c).
In this case, the trial court adopted the magistrate's report prior to the filing of objections. However, Appellant was still able to file his objections and those objections were considered by the trial court after a review of the record. Thus, the trial court did not violate Civ.R. 53 when it signed the magistrate's report immediately. The first assignment of error is overruled.
Appellant's third assignment of error claims that the trial court improperly modified custody without a change in circumstances. A determination of whether a change of circumstances has occurred is made by the trial court and will not be disturbed absent a showing of abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159. Here, the trial court determined that a change of circumstances existed and that finding is supported by the record. The trial court also found that the modification of visitation was in the best interest of Erica and would promote stability in her life. Based upon these findings, the trial court could properly modify the visitation schedule to comply with Local R. 25. The third assignment of error is overruled.
The second assignment of error claims that the trial court should not have sanctioned Appellant's attorney for filing the objections.
 "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 (a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 (b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
R.C. 2323.51(A). Additional grounds for sanctions can be found in Civ.R. 11. However, sanctions are inappropriate when a legitimate legal goal is asserted that is not totally without justification under existing law. Passmore v. Greene Cty. Bd. of Elections
(1991), 74 Ohio App.3d 707, 600 N.E.2d 309. Here, no evidence is presented that the objections were filed for the purpose of harassing the other party or that the objections cannot be supported by a good faith argument. Appellant's counsel provided citations to prior cases as well as statutes in support of his argument. Whether these citations were applicable to the facts before the court was the issue before the trial court. Instead of focusing on those issues, the trial court seems to have arbitrarily determined that the claims are frivolous and for that reason imposed sanctions.[1] The objections filed by Appellant's attorney do not meet the definition of frivolous conduct as set forth in R.C. 2323.51 or Civ.R. 11. Thus, as a matter of law, the conduct is not frivolous. Appellant's second assignment of error is sustained.
The judgment of the Court of Common Pleas of Crawford County, Domestic Relations Division imposing sanctions is reversed and in all other aspects is affirmed.
Judgment affirmed in part and reversed in part.
 SHAW, P.J., and EVANS, J., concur.
[1] We also note that no hearing was held.