OPINION
{¶ 1} Appellants, Robert and Carol Huffman ("Huffmans") appeal the July 31, 2003 judgment entry of the Common Pleas Court of Hancock County denying their motion for sanctions against Appellees, Findlay Ford Lincoln Mercury and Stanley J. Kujawa ("Findlay Ford").
 {¶ 2} The dispute arose out of a sale of land by the Huffmans to Findlay Ford, upon which Findlay Ford built a car dealership. During the excavation of the land, Findlay Ford discovered an abandoned oil well located on the property, as well as contaminated soil. Findlay Ford incurred expenses associated with the removal of the contaminated soil and with the plugging of the well. On January 11, 2001, Findlay Ford filed a complaint for fraud against the Huffmans, claiming that the Huffmans concealed the existence of the oil well and soil contamination.
 {¶ 3} After a lengthy period of discovery and pre-trial hearings, the Huffmans filed a motion for summary judgment on June 20, 2002. Findlay Ford filed a response to the motion for summary judgment and the trial court denied the motion on October 4, 2002. The Huffmans then filed a motion for reconsideration of the denial of summary judgment on October 7, 2002. The trial court granted the Huffmans' motion for summary judgment on reconsideration on November 21, 2002. In its judgment entry, the trial court found that the Huffmans set forth evidence that clearly established the existence of the oil well on the property was a matter of the Ohio Department of Natural Resources public record. The trial court found that the doctrine of caveat emptor was applicable in the case. Furthermore, the trial court found that Findlay Ford had an unimpeded opportunity to inspect the public records of the property prior to the purchase and, as a matter of law, they were not justified in relying on the representations of the Huffmans concerning the existence of wells on the property. The November 21, 2002 judgment of the trial court granting summary judgment in favor of the Huffmans was upheld by this court on February 9, 2004.
 {¶ 4} On December 12, 2002, while the appeal of the summary judgment in favor of the Huffmans was pending in the Third District Court of Appeals, the Huffmans filed a motion to award sanctions against Findlay Ford and their counsel for frivolous conduct pursuant to R.C. 2323.51 and Civ.R. 11. The Huffmans filed affidavits in support of the motion on February 28, 2003. A hearing on the motion was held on March 3, 2003 and the trial court denied the motion in its July 31, 2003 judgment entry. The Huffmans filed a motion for reconsideration of the judgment on August 26, 2003, which was also denied by the trial court on September 15, 2003. It is from the judgment denying the award of sanctions that the Huffmans now appeal, asserting the following two assignments of error.[1]
 The trial court erred by denying appellants' motion forsanctions and the award of costs, expenses, and attorney's feesbecause the filing of the fraud complaint was frivilous (sic)conduct pursuant to R.C. 2323.51.
 The trial court erred by denying appellants' motion forsanctions and the award of costs, expenses, and attorney's feesbecause the continued pursuit of the fraud claim was frivilous(sic) conduct pursuant to R.C. 2323.51 and in violation ofRule 11.
 {¶ 5} We first note that the general rule in Ohio, subject to statutory enactments, has long been that the prevailing party is not entitled to an award of attorney fees absent a demonstration of bad faith. State ex rel. Crockett v. Robinson (1981),67 Ohio St.2d 363, 369, 423 N.E.2d 1099; State ex rel. Nagy v.Elyria (1988), 54 Ohio App.3d 101, 103, 561 N.E.2d 551. In response to a frivolous complaint, attorney fees may be sought in accordance with this exception under either R.C. 2323.51 or Civ.R. 11.
 {¶ 6} In their first assignment of error, the Huffmans contend that the trial court erred in not imposing sanctions upon Findlay Ford for filing the fraud complaint. In their second assignment of error, the Huffmans contend that the trial court erred in not imposing sanctions upon Findlay Ford for their continued pursuit of the fraud claim. The Huffmans assert that both the filing of the fraud complaint and the continued pursuit of the claim constitute frivolous conduct that violated both R.C.2323.51 and Civ.R. 11. Since these assignments of error involve the same legal analysis we have chosen to address them together.
 {¶ 7} At the March 3, 2003 hearing on the motion for sanctions, the Huffmans argued that Findlay Ford failed to prove the elements of their claim for misrepresentation and fraudulent concealment and that Findlay Ford filed the complaint and pursued the matter knowing they could not prove the necessary elements. The issue before the trial court was whether Findlay Ford had a good faith belief to support the facts alleged in their complaint and whether their theory of recovery was supported by the law.
 {¶ 8} On July 31, 2003, the trial court issued its judgment entry denying the Huffmans' motion to award sanctions, which stated, in part:
A finding of frivolous conduct under R.C. 2323.51 isdetermined upon objective standards, without reference to whatthe individual knew or believed. (citations omitted.) However,attorney fees cannot be awarded under R.C. 2323.51 simply basedon the assertion of a claim that is not well grounded in fact.(citations omitted.)
 This Court's ultimate decision to grant a summary judgmentmotion for defendant, does not necessarily lead to the conclusionthat a willful violation of Civ.R. 11 has taken place. (citationsomitted.) The dispositive facts in this case were developedthrough the discovery process, which occurred after the case wasfiled and it is not fair to determine that plaintiffs necessarilyknew all of these facts when they filed the complaint.
 A careful review of the depositions and other discovery inthis case leads this Court to conclude that plaintiffs' attorneydid not willfully violate Civ.R. 11[.] [T]he Court furtherdetermines that neither plaintiffs or their attorney engaged infrivolous conduct under R.C. 2323.51. The Court finds thatplaintiffs or their attorney did not abuse the judicial process.
July 31, 2003 Judgment Entry, p. 3-4.
 {¶ 9} R.C. 2323.51(A)(2) defines "frivolous conduct" of a party of a civil action as that which "obviously serves merely to harass or maliciously injure another party to the civil action or appeal" or that which "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." No references are made in R.C. 2323.51 to what the individual accused of frivolous conduct actually knew or believed. Ceol v. Zion Indus., Inc.
(1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076.
 {¶ 10} Under R.C. 2323.51, the court must first determine whether the actions of the party to be sanctioned constitute "frivolous conduct." If the court determines that such actions are frivolous conduct, the court must then determine the amount, if any, of attorney fees that are warranted to the party who was adversely affected by the frivolous conduct. See R.C. 2323.51(B);Ceol, 81 Ohio App.3d at 291.
 {¶ 11} The initial determination of whether a party's conduct was frivolous requires a factual determination. Ceol,81 Ohio App.3d at 291. However, a determination of "[w]hether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court." Tomb Assoc., Inc. v.Wagner (1992), 82 Ohio App.3d 363, 366, 612 N.E.2d 468, citingPassmore v. Greene Cty. Bd. of Elections (1991),74 Ohio App.3d 707, 600 N.E.2d 309. Therefore, we are not bound by the trial court's determination on this particular issue. Tomb Assoc.,82 Ohio App.3d at 366.
 {¶ 12} Since R.C. 2323.51(B)(1) grants the court discretion in awarding attorney fees to a party adversely affected by frivolous conduct, a court's factual determination regarding the imposition of sanctions will not be reversed absent an abuse of discretion. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. The trial court has "the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved." Ceol, 81 Ohio App.3d at 292.
 {¶ 13} Civ.R. 11 governs the signing of pleadings and provides, in pertinent part, that:
The signature of an attorney or pro se party constitutes acertificate by the attorney or party that the attorney or partyhas read the document; that to the best of the attorney's orparty's knowledge, information and belief there is good ground tosupport it; and that it is not interposed for delay. If adocument is not signed or is signed with intent to defeat thepurpose of this rule, it may be stricken as sham and false andthe action may proceed as though the document had not beenserved. For a willful violation of this rule, an attorney or prose party, upon motion of a party or upon the court's own motion,may be subjected to appropriate action, including an award to theopposing party of expenses and reasonable attorney fees incurredin bringing any motion under this rule.
 {¶ 14} In determining whether an attorney's or party's conduct violates Civ.R. 11, the court should consider whether the attorney or party signing the document: (1) has read the pleading, (2) harbors good grounds to support the pleading to the best of his or her knowledge, information and belief, and (3) did not file the pleading for purposes of delay. Ceol,81 Ohio App.3d at 290. If any one of these requirements is not satisfied, the court must move to the next consideration, which is whether the violation by the attorney or party was "willful" rather than merely negligent. Id., citing Haubeil Sons Asphalt Materials, Inc. v. Brewer Brewer Sons, Inc. (1989),57 Ohio App.3d 22, 23, 565 N.E.2d 1278. If the court finds that the conduct was willful, it may award to the opposing party expenses and attorney fees. Civ.R. 11. The court is given broad discretion in determining what, if any, sanction to administer. Ceol,81 Ohio App.3d at 290, citing Stevens v. Kiraly (1985),24 Ohio App.3d 211, 213-214, 494 N.E.2d 1160.
 {¶ 15} The history of this case reflects that it was not as clear to the court as it was to the Huffmans how the case should be determined. The motion for summary judgment filed by the Huffmans on June 20, 2002 was denied by the trial court. After further review of the case by the trial court and the presentation of additional evidence, the trial court granted summary judgment in favor of the Huffmans, pursuant to the Huffmans' motion for reconsideration. Although the trial court's judgments of originally denying summary judgment and then granting summary judgment are not determinative of whether Findlay Ford's actions constituted frivolous conduct, such evidence is certainly indicative of the trial's court belief that the claim did present some genuine issues of law or fact, or that it at least appeared to do so initially.
 {¶ 16} Findlay Ford provided both the trial court and the appellate court exhibits and testimony that presented questions of law and fact for determination by the courts. Findlay Ford presented evidentiary support and cited legal authority to support the claims in their filings. See Taylor v. Franklin Blvd.Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 30,677 N.E.2d 1212. While it is a general rule in real estate transactions that the buyer has no right to rely on the oral representations of the seller regarding the property when the facts are equally open to both parties, when there are latent defects or dangerous conditions that are not easily discoverable, coupled with misrepresentations or concealment on the part of the seller, the doctrine of caveat emptor, as explained above in the general rule, does not preclude recovery for fraud. Finomore v. Epstein
(1984), 18 Ohio App.3d 88, 90, 481 N.E.2d 1193, citing Miles v.Perpetual S. L. Co. (1979), 58 Ohio St.2d 97, 101,388 N.E.2d 1367.
 {¶ 17} Findlay Ford attempted to show contradictions in the evidence to prove knowledge, or disregard and recklessness as to the truthfulness or falsity, on the part of the Huffmans that an oil well was present on the real estate and that the Huffmans misrepresented such information to Findlay Ford. Further, Findlay Ford presented evidence and testimony to show that the types of records involved in the case were not the type contemplated by the general rule of law regarding the requirement of a buyer to check public records regarding the real estate.[2] There were distinctions presented by Findlay Ford between the case law referencing real estate transactions and public records and the facts in the instant case.
 {¶ 18} While the trial court did not render judgment in favor of Findlay Ford, and this court on appeal upheld the judgment of the trial court, it appears from the record that Findlay Ford presented a good faith argument that the doctrine of caveat emptor should not apply in this case. Findlay Ford presented this argument by arguing that records indicating the existence of an oil well on the real estate were not the type of public record contemplated by the holdings of prior court decisions dealing with the issue of caveat emptor.
 {¶ 19} Upon careful review of the facts of this case, we cannot say that the trial court abused its discretion when it found that Findlay Ford and their counsel did not engage in frivolous conduct, as defined in R.C. 2323.51. Furthermore, we do not agree with the Huffmans' contention that the trial court erred in failing to award sanctions pursuant to Civ.R. 11. Under the subjective standard imposed by Civ.R. 11, the conduct in this case does not rise to the level of willfulness necessary to warrant "appropriate action." Cf. Newman v. Al Castrucci FordSales, Inc. (1988), 54 Ohio App.3d 166, 169-170,561 N.E.2d 1001.
 {¶ 20} The record supports the findings made by the trial court. Keeping in mind the standards set forth in R.C. 2323.51
and Civ.R. 11 and the deference this court must give to the trial court's decision, we find the Huffmans' assignments of error not well-taken. Accordingly, the assignments of error are overruled and the judgment of the Common Pleas Court of Hancock County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Rogers, J., concur.
[1] The Huffmans presented a third assignment of error for our review in their brief which was subsequently voluntarily dismissed.
[2] See Reilley v. Richards, 69 Ohio St.3d 352, 353-354,1994-Ohio-528, 632 N.E.2d 507 (majority finding "that the lack of knowledge that a significant portion of the lot [wa]s located in a floodway is a mistake of fact of both parties that [went] to the character of the property" and appellant was not negligent in failing to find the mistake when the builder did not discover, and could not have discovered, the floodplain by looking at the property during the inspection. (Bryant, J. dissents.)).