DECISION.
Defendants-appellants, the city of Cincinnati, Valerie Lemmie, city manager of the city of Cincinnati, and Robert Wright, chief of the Cincinnati fire department (collectively "the city"), appeal a decision of the Hamilton County Court of Common Pleas awarding attorney fees to plaintiff-appellee, Thomas D. Thomas. We affirm the trial court's judgment.
The record shows that Thomas filed a complaint requesting a temporary restraining order, a preliminary injunction, and a permanent injunction seeking to prevent a transfer of his position within the fire department. The central issue was whether Thomas had been "administratively transferred" under the terms of a 2001 collective-bargaining agreement between the city and the firefighters' union. The dispute also involved whether he had the right to appeal the transfer to the Transfer Review Board. The trial court originally denied Thomas's requests for preliminary and permanent injunctions and granted judgment in favor of the city.
Thomas appealed that judgment to this court. At oral argument, the parties stated that Thomas had been returned to the position he had held before the transfer he had tried to have enjoined. Also while the case was on appeal, Thomas learned of an undisclosed agreement between the city and the firefighters' union that he contended directly contradicted the city's arguments on appeal.
In a judgment entry, we agreed with Thomas's arguments. We held that "Thomas's transfer was an administrative transfer" and that he was entitled to certain "procedural safeguards" and "to appeal his transfer to the Transfer Review Board." Nevertheless, we did not reverse the trial court's decision. We stated, "The judgment of the trial court is affirmed solely for the reason that Thomas has already obtained the relief he sought by being returned to the position of captain of AH." Thomas v. Cincinnati (Oct. 8, 2003), 1st Dist. No. C-020569.
Since we technically affirmed the trial court's decision, the court clerk attempted to charge the court costs to Thomas. Thomas moved to be declared the victorious party and to have the court costs forgiven or charged to the city or the firefighters' union. This court agreed and ordered the city and the union to pay the costs.
Subsequently, Thomas filed a motion in the trial court for attorney fees under R.C. 2323.51 and a bad-faith theory. The court granted the motion, stating that "[d]efendants have acted with frivolous conduct in violation of R.C. 2323.41 and in bad faith[.]" The city has appealed that judgment.
The city presents three assignments of error for review. In its first assignment of error, the city contends that the trial court did not have jurisdiction to consider Thomas's motion for attorney fees. It argues that he filed the motion outside the thirty-day limit in R.C. 2323.51(B). This assignment of error is not well taken.
R.C. 2323.51(B)(1), in its current form, states that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees and other reasonable expenses incurred in connection with the civil action or appeal." Thus, the city argues, because our judgment entry was journalized on October 8, 2003, and Thomas did not file his motion for attorney fees until December 18, 2003, much more than thirty days later, the trial court could not have awarded him attorney fees.
Thomas counters that the thirty-day requirement was not added to the statute until an amendment effective April 7, 2005, long after Thomas's motion was filed. But Thomas's motion was not timely filed under the former version of the statute. SeeBarbato v. Mercy Med. Ctr., 5th Dist. No. 2005 CA 00044,2005-Ohio-5219, ¶ 26-27.
Nevertheless, the city failed to raise the issue in the trial court. The time requirements set forth in R.C. 2323.51(B)(1) are not jurisdictional. Justice v. Lutheran Social Serv. of Cent.Ohio (1992), 79 Ohio App.3d 439, 443-444, 607 N.E.2d 537; Koeckv. Boyle (Apr. 14, 1997), 4th Dist. Nos. 95CA1705 and 95CA1731. See, also, Schwartz v. Gen. Accident Ins. of Amer. (1993),91 Ohio App.3d 603, 606, 632 N.E.2d 1379. Consequently, the city waived the timeliness issue by failing to raise it in the trial court, and it may not now raise it for the first time on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629; Davis v. Allen, 1st Dist. Nos. C-010165, C-010202, and C-010260, 2002-Ohio-193.
Further, we note that even if fees were not appropriate under R.C. 2323.51 because the motion was not timely filed, the trial court also based the award of fees on a common-law bad-faith theory. Therefore, a conclusion that the motion was not timely would not necessarily be fatal to the award of fees. We overrule the city's first assignment of error.
In its second assignment of error, the city states that "Thomas'[s] appellate motion to have the city and union pay costs was his only bite at the 2323.51 apple." It argues that his motion to this court, filed after the previous appeal, to have costs assessed against the city and the firefighters' union equated to a motion under R.C. 2323.51 for attorney fees. Since we granted that motion, Thomas had already "availed himself of R.C. 2323.51 with the Appellate Court" and "should not have been allowed to take another bite of the same apple with the trial court."
We have difficulty even addressing this strange argument. App.R. 24 allows this court to assess costs incurred on appeal. A motion to assess costs under that rule is not the same as a motion for attorney fees under R.C. 2323.51. Consequently, Thomas has not had two "bites at the apple," and we overrule the city's second assignment of error.
In its third assignment of error, the city contends that the trial court erred in granting Thomas's motion for attorney fees under both R.C. 2323.51 and the common law. This assignment of error is not well taken.
R.C. 2323.51 allows the trial court to award fees to any party adversely affected by frivolous conduct. Bryan v. Bryan,161 Ohio App.3d 454, 2005-Ohio-2739, 830 N.E.2d 1216, ¶ 7. It defines two types of frivolous conduct: (1) conduct that only serves to harass or maliciously injure the opposing party in a civil action, and (2) conduct that is unwarranted under existing law and for which there is no "good faith argument for an extension, modification, or reversal of existing law." R.C.2323.51(A)(2)(a); Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, 777 N.E.2d 857, ¶ 21. We review a "harassing conduct" claim under an abuse-of-discretion standard, but we review a "legally groundless" claim de novo. Bryan, supra, at ¶ 8-10; Riston, supra, at ¶ 26-27.
The trial court also has inherent authority to award one party attorney fees. It may award fees to a party absent a statute authorizing the shifting of fees if the court determines that the party ordered to pay the fees has acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." We review this type of award under an abuse-of-discretion standard.Sorin v. Bd. of Edn. of Warrensville Hts. Sch. Dist. (1976),46 Ohio St.2d 177, 181, 347 N.E.2d 527; Gill v. Gill (Oct. 10, 1997), 1st Dist. No. C-960610.
First, the city argues that an award of attorney fees could not have been based on "the baseless accusation that the city [had] secreted away a public record which Thomas never requested[.]" It argues that Thomas had access to and should have known about the undisclosed agreement and that he never requested it in discovery.
First, the argument is not really about discovery. The parties did not have an opportunity to conduct much discovery because the trial court unexpectedly terminated the case by granting both a preliminary injunction and final judgment to the city at the same time.
Thomas's claim for attorney fees was based on the city having used a false premise to deny him the right to appeal to the Transfer Review Board and making false and misleading statements in its arguments to the court. The city had argued that Thomas failed to exhaust administrative remedies because he had failed to grieve his transfer, which it contended was mandatory. These arguments could not stand in light of the language of the 2001 collective-bargaining agreement and the undisclosed agreement between the city and the union. That the city continued to maintain a position that it could not have reasonably and in good faith sought to maintain was the basis for the court to award attorney fees.
The city's misleading position despite the clear language of the agreements caused wasted time, a needless increase in the cost of the litigation, and increased stress to Thomas. Thus, the trial court appropriately found that the city's misleading position despite the clear language of the agreements served merely to "harass and maliciously injure" Thomas. That finding was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140.
Similarly, under the language of the 2001 collective-bargaining agreement and the undisclosed agreement, the city's claim was "legally groundless" in that under the existing law no reasonable lawyer could have argued the claim. Riston, supra, at ¶ 36. The city argues that because the trial court had agreed with it and had originally granted judgment in the first instance, a reasonable lawyer could have argued the claim. But the trial court pointed out at the hearing on the issue of attorney fees that it did not have the benefit of the undisclosed agreement during the first hearing.
The city also argues that it believed that its actions were correct and cites numerous reasons why it contends its actions were justified, even though the record demonstrates that the city had its own agenda in conducting the various transfers. Nevertheless, the city has not explained or even addressed the differences between the language of the undisclosed agreement and its arguments to the courts. Further, even if the city believed its position was correct, a court determines a claim of legally groundless conduct under R.C. 2323.51 using an objective standard, without reference to what any individual knew or believed. Bryan, supra, at ¶ 16; Ceol v. Zion Indus., Inc.
(1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076; Findlay FordLincoln Mercury v. Huffman, 3rd Dist. No. 5-03-28,2004-Ohio-2797, ¶ 9. Consequently, we hold, under a de novo standard of review, that the record supports the trial court's award of fees under the "legally groundless" prong. See Bryan,
supra, at ¶ 16-18.
The city also contends that an award of attorney fees under a common-law bad-faith claim requires the party seeking fees to be the prevailing party. See State ex rel. Crockett v. Robinson
(1981), 67 Ohio St.2d 363, 369, 423 N.E.2d 1099; Internatl.Lottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 668,657 N.E.2d 820. It argues that Thomas was not the prevailing party in the court of appeals because he did not obtain a reversal of the trial court's judgment.
A prevailing party is one who has been awarded at least some relief on the merits of his or her claims. Falther v. Toney,
5th Dist. No. 05 CA 32, 2005-Ohio-5954, ¶ 28; Coey v. Dave GillPontiac-GMC, Inc., 10th Dist. No. 04AP-432, 2005-Ohio-464, ¶ 16. A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a prevailing party. The party need only obtain a substantial, not a complete, victory. Parker v. IF InsulationCo., 89 Ohio St.3d 261, 264-265, 2000-Ohio-151, 730 N.E.2d 972. The issue is whether, at the end of the suit or other proceeding, the party who has made a claim against the other has successfully maintained it. Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 559-560, 597 N.E.2d 153; Collins v. York (Dec. 22, 2000), 1st Dist. No. C-000125.
In this case, Thomas successfully maintained his position and obtained not just a substantial, but a complete, victory in the appeal. The city's argument is disingenuous because our entry clearly states that the only reason we did not reverse the trial court's judgment was because the city had made the issue moot by transferring him back to the position he desired. Thomas was obviously the prevailing party.
Our review of the record shows that the trial court's decision to award attorney fees to Thomas under the theory that the city had acted in bad faith was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. SeeBlakemore, supra, at 218, 450 N.E.2d 1140. Since we hold that fees were justified under either R.C. 2323.51 or a bad-faith theory, we overrule the city's third assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., Doan and Hendon, JJ.