DECISION AND JUDGMENT ENTRY
Ann Fenley appeals the Athens County Municipal Court's award of attorney fees and court costs to Mary Bowman and Kay Hudson. Fenley argues that the trial court erred in finding her complaint groundless and awarding Bowman's and Hudson's attorney fees on that basis. We disagree because she failed to identify any slanderous statements in her complaint. Fenley also argues that the trial court penalized her for voluntarily dismissing her complaint. We disagree because the trial court did not prevent Fenley from establishing the factual basis for her complaint. Fenley argues that the trial court erred in granting attorney fees to Hudson because Hudson's attorney fees were paid by someone other than Hudson. We disagree because Hudson incurred the attorney fees prior to the hearing. Accordingly, we affirm the judgment of the trial court.
 I.
Fenley filed a complaint against Bowman and Hudson seeking ten thousand dollars in damages and a restraining order. In her complaint, she identified her cause of action as slander perquod, and asserts that Bowman and Hudson made slanderous statements about her to the Ohio Genealogical Society ("OGS") causing OGS not to invite her to exhibit at OGS's 1998 annual conference. Fenley attached a copy of a letter she received from OGS to her complaint. In the letter OGS informed Fenley that she could not have an exhibit at the 1998 OGS annual conference because exhibits were by invitation only and OGS had declined to invite Fenley. OGS explained that it had not invited her because she had pending litigation against OGS officials.
Bowman moved to dismiss the complaint pursuant to Civ.R. 12 (B)(6), and sought reimbursement of her attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. Fenley responded by voluntarily dismissing her complaint against Bowman and Hudson. Hudson then filed a motion for attorney fees. The trial court held separate hearings on Bowman's and Hudson's motions.
At both hearings, Athens attorney Steve Sloan testified that the attorney's fees sought were reasonable and necessary. At Hudson's hearing, Fenley testified that she knew that some of the allegations in her complaint, such as holding a grudge and mere harassment, were not actionable. However, she asserted that the letter from OGS was proof of special damages. She explained that she did not seek legal representation because of financial concerns.
At Bowman's hearing, only Sloan and Bowman testified. Bowman testified that in addition to the current case, Fenley filed a slander per se case against Bowman in Clermont County. That case was dismissed pursuant to Civ.R. 12 (B)(6). The dismissal was upheld on appeal. See Fenley v. Bowman (Aug. 24, 1998), Clermont App. No. CA9S-02-013, unreported; Fenley v.Bowman (1998), 84 Ohio St.3d 1446 (appeal dismissed). Bowman also advised the court that Fenley had filed a slander action against the Athens County Genealogical Chapter and eleven of its members. In that case, the trial court directed a verdict against Fenley, which we upheld on appeal. See Fenley v. AthensCty. Genealogical Chapter (May 28, 1998), Athens App. No. 97CA36, unreported.
The trial court granted both motions for attorney fees. In its decision, the trial court found that Fenley's complaint was "not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of exiting law and cannot be supported by a good faith argument for the establishment of new law." Once Bowman and Hudson submitted updated itemized statements regarding attorneys' fees, the trial court awarded judgment against Fenley for $2987.25 plus court costs to Hudson and for $1843.75 plus court costs to Bowman.
Fenley appeals and asserts the following assignments of error:
 I. THE COURT ERRED IN AWARDING ATTORNEY FEES UNDER R.C. 2323.51 AND CIVIL RULE 11 CONTRARY TO EVIDENCE OF LEGAL AND FACTUAL BASIS FOR PLAINTIFF'S COMPLAINT.
 II. THE COURT ERRED IN AWARDING ATTORNEY FEES UNDER R.C. 2323.51 AND CIVIL RULE 11 AFTER DEFENDANTS FAILED TO OFFER CREDIBLE, COMPETENT EVIDENCE IN SUPPORT OF THEIR MOTIONS.
 III. THE COURT ERRED IN MAKING A DECISION THAT INVOLVED PENALIZING PLAINTIFF FOR VOLUNTARILY DISMISSING HER COMPLAINT.
 IV. THE COURT ERRED BY OVERLOOKING EVIDENCE THAT DEFENDANT HUDSON WAS NOT ADVERSELY AFFECTED BY ALLEGED FRIVOLOUS CONDUCT.
 II.
In all of her assignments of error, Fenley asserts that the trial court erred in awarding Bowman and Hudson their attorneys fees pursuant to R.C. 2323.51 and Civ.R. 11.
 A.
R.C. 2323.51 controls the imposition of attorney fees for frivolous conduct. Courts may award reasonable attorneys fees to any party affected by frivolous conduct. R.C. 2323.51 (B)(1) Frivolous conduct includes conduct of any party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51 (A)(2). A decision to impose sanctions pursuant to R.C. 2323.51 rests within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of that discretion. Rileyv. Langer (1994), 95 Ohio App.3d 151, 159; Blackburn v. Lauder
(Nov. 12, 1996), Lawrence App. No. 96CA05, unreported. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. FranklinCty. Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506; Wilmington Steel Products, Inc. v. Clev. Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122. However, whether there are good legal grounds to support a complaint when underlying facts are not in dispute is a question of law, which we review de novo. Burns v. Henne (1996), 115 Ohio App.3d 297;Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51; Tomb Assoc. Inc. v. Wagner (1992), 82 Ohio App.3d 363, 366; Passmorev. Greene Cty. Bd. of Elections (1991), 74 Ohio App.3d 707.
 B.
Civ.R. 11 provides that "the signature of * * * [all pro se party constitutes a certificate by the] * * * party that the * * * party has read the document; that to the best of the * * * party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." If a person willfully violates the rule, a court may subject that person to an "appropriate action, including an award to the opposing party of expenses and reasonable attorney fees * * *." Civ.R. 11. The decision to impose sanctions pursuant to Civ.R. 11 lies within the sound discretion of the trial court, and we will not reverse such a decision absent an abuse of discretion.State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65.
 III.
In her first and second assignments of error, Fenley argues that the trial court erred because her complaint was warranted by existing law. She asserts that she attempted to plead slander per quod and used the Twelfth District's decision as guidance in writing her complaint. She further asserts that the letter from OGS attached to her complaint constituted proof of special damages.
Defamation is defined generally as a false written or spoken publication, made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, ridicule, shame, or disgrace, or adversely affecting a person's trade, business, or profession. AB-AbellElevator Co. v. Columbus/Cent. Ohio Bldg. Constr. TradesCouncil (1995), 73 Ohio St.3d 1. See, also Fenley v. AthensCty. Genealogical Chapter, supra. Defamation per se is defamatory on its face and by the very meaning of the words spoken or written. See McCartney v. Oblates of St. Francis DeSales
(1992), 80 Ohio App.3d 345, 353. Defamation per quod exists where words appear harmless, but become defamatory by innuendo or extrinsic evidence. Id.; see, also Fenley v. Bowman, Clermont App. No. CA98-02-013, supra. If a statement is found to be slander per quod, the plaintiff must allege and prove special damages. McCartney, supra, at 354.
Whether a statement constitutes defamation per quod is a question of law, which we review de novo Matalka v. Lagemann
(1985), 21 Ohio App.3d 134, 136, 486 N.E.2d 1220. See, also,Dodley v. Budget Car Sales, Inc. (Apr. 20, 1999), Franklin App. No. 98AP-530, unreported. Fenley asserted that the statements made by Bowman and Hudson were slander per quod.
In her complaint, Fenley alleged that Bowman and Hudson defamed Fenley to OGS, causing OGS to not invite Fenley to its 1998 annual conference. The only explanation of the defamatory statements was that they were "distortions and falsehoods." In her complaint, Fenley failed to identify the specific statements Bowman and Hudson allegedly made. Because she failed to allege any slanderous statements other than "distortions and falsehoods," her allegations were insufficient to plead slander perquod. Thus, her complaint was not warranted under existing law. Because we find that the trial court did not err in awarding attorney fees pursuant to R.C. 2323.51, we do not reach the question of whether the award of attorney fees was justified by Civ.R. 11. Accordingly, we overrule Fenley's first and second assignments of error.
 III.
In her third assignment of error, Fenley argues that the trial court erred by penalizing her for voluntarily dismissing her complaint. She asserts that if she had not voluntarily dismissed her complaint, she would have had more time to establish the factual basis for her complaint. She argues that the following statement made by the trial court proves that she was penalized:
 I'm not sure where you're going with this, but we're not going to re-litigate the complaint, which appears that's just what we're going to do. We need to address just the sole issue of whether or not you're going to be required to pay attorney fees to Ms. Hudson, and this matter has already been litigated.
In spite of this comment, the trial court allowed Fenley to continue eliciting further testimony. At no time after this comment did the trial court prohibit Fenley from introducing an exhibit or asking a question. Therefore, we find that Fenley was given a full opportunity at the hearing to establish the factual basis of her complaint. Accordingly, we overrule her third assignment of error.
 IV.
In her fourth assignment of error, Fenley argues that the trial court erred in granting attorney fees to Hudson because her attorney fees were paid by OGS.
Fenley argues that a party seeking attorneys fees must show that they have been adversely affected and directs us toWiltberger v. Davis (1996), 110 Ohio App.3d 46. In Wiltberger, the court held that R.C. 2323.51 requires the party seeking attorney fees to "affirmatively demonstrate that he or she incurred additional attorneys fees as a direct, identifiable result of defending the frivolous conduct in particular." Wiltberger at 53. Thus, Wiltberger required a court awarding attorneys fees to determine that the party had been "adversely affected" by the frivolous conduct. Wiltberger at 53-54, citing R.C.2323.51 (B)(2)(a).
We agree with the Wiltberger court that R.C. 2323.51 (B)(3) requires the party seeking attorney fees to show that the party has been adversely affected by the frivolous conduct and that R.C. 2323.51 (B)(3) requires that any attorneys fees awarded must have been "reasonably incurred * * * and necessitated by the frivolous conduct." The award may be equal to or less than "the attorney's fees that were reasonably incurred by the party." R.C. 2323.51 (B)(3)(b) R.C. 2323.51 (B)(3) does not require that the fees be unpaid at the time of the award.
Fenley argues that Hudson was not "adversely affected" by her conduct because OGS ultimately paid the attorney fees incurred by Hudson. The final invoice attached to Hudson's attorney's affidavit is stamped with the word "paid." OGS's name and address appear on the final invoice where Hudson's name and address appear on the previous invoice. Fenley concludes from this change that OGS paid Hudson's invoice. Hudson does not contest Fenley's conclusion.
We find that the mere allegation that OGS paid Hudson's attorney fees does not negate the undisputed fact that Hudson, not OGS, initially incurred the fees. Accordingly, R.C.2323.51 (B)(3)(b) permitted the court to award attorney fees to Hudson. We find that the trial court did not act arbitrarily, unconscionably, or unreasonably in making the award. Thus, we overrule Fenley's fourth assignment of error.
 V.
In sum, we overrule all of Fenley's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
ABELE, J. and HARSHA, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________________ ROGER L. KLINE, Presiding Judge